# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00510-CV

**State of Texas and Texas Department of Transportation, Appellants**

**v.**

**George Lueck, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN402579, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## O P I N I O N

George Lueck sued the State of Texas and the Texas Department of Transportation alleging violations of the Texas Whistleblower Act (the "Whistleblower Act"). *See* Tex. Gov't Code Ann. §§ 554.001-.010 (West 2004).[1] The Department filed a plea to the jurisdiction arguing that Lueck had failed to show a clear and unambiguous waiver of sovereign immunity in his claim under the Whistleblower Act. Lueck filed a motion to dismiss the Department's plea to the jurisdiction insisting that his allegations were sufficient to waive sovereign immunity. The district court granted Lueck's motion to dismiss the Department's plea to the jurisdiction without holding a hearing on the plea.

---

[1] We will refer to appellants, the State of Texas and the Texas Department of Transportation, collectively as the "Department."

In this interlocutory appeal, the Department contends that the district court erred as a matter of law by granting Lueck's motion to dismiss, by denying the Department's plea to the jurisdiction and by denying the Department an evidentiary hearing on its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2005) ("A person may appeal from an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit."). Because we hold that the facts challenged by the Department in its plea to the jurisdiction are not jurisdictional, we affirm the district court's order dismissing the Department's plea to the jurisdiction.

**BACKGROUND**

In August 2004, Lueck sued the Department alleging that he was terminated from his position as Assistant Director of Traffic Analysis in retaliation for reporting what he believed to be a violation of federal law to his supervisor, the Director of the Planning and Programming Division for the Department, James L. Randall. In January 2005, Lueck and the Department filed their "Agreed Discovery Control Plan and Docket Control Order," which was signed by the district court.[2] This Docket Control Order stated that the Department had until May 1, 2005, to file a plea to the jurisdiction. On January 28, Lueck filed special exceptions requesting that the provision allowing the Department to file a plea to the jurisdiction be stricken from the Docket Control Order or, alternatively, that the district court hold that Lueck's allegations were sufficient to establish the district court's subject-matter jurisdiction over the case. On February 23, Lueck filed a motion to

---

[2] We will refer to the "Agreed Discovery Control Plan and Docket Control Order" as the "Docket Control Order."

dispose of the Department's plea to the jurisdiction without undue expense or burden. In the motion, Lueck argued that he was entitled to a hearing on his special exceptions prior to a hearing, if any, on the Department's forthcoming plea to the jurisdiction. Lueck requested that the district court order the Department "to provide [Lueck] at least 90 days notice before its plea to the jurisdiction, once filed, is set for a hearing." After considering the motion, the district court ordered the following changes to the Docket Control Order:

1. June 10, 2005. Deadline for filing plea to the jurisdiction.

2. July 18, 2005. Hearing on the Plea to the Jurisdiction [scheduled] at 2 p.m.

3. [Lueck's] special exceptions shall be heard before the Hearing on the Plea to the Jurisdiction.

4. If the special exceptions are granted, then the Defendants shall have an opportunity to amend their plea to the jurisdiction and Hearing on the plea to the jurisdiction shall be continued to allow Defendants the opportunity to amend their plea, if the special exceptions are granted.

On April 28, Lueck filed a motion for partial summary judgment "requesting the Court's determination that it has jurisdiction of this case, based on the legally sufficient allegations made by [Lueck] under the 'whistleblower' statute." In response, the Department filed a motion for continuance before the hearing on Lueck's motion for partial summary judgment, asking the district court to uphold jurisdiction as a matter of law without a further hearing. On May 6, the district court held a hearing on the Department's motion to continue, at which the Department contended that any hearing on Lueck's motion for partial summary judgment should be held at the same time as the hearing on the Department's plea to the jurisdiction. The district court granted the Department's

3

motion to continue and further ordered that the hearing on Lueck's motion for partial summary judgment be held on the same day as the hearing on the Department's plea to the jurisdiction.

On June 8, the Department filed its plea to the jurisdiction. In the plea, the Department asserted sovereign immunity from suit and liability with regard to Lueck's claim. The Department further asserted that because it was challenging the existence of certain jurisdictional facts, it was entitled to an evidentiary hearing pursuant to the supreme court's holding in *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). The Department insisted that it would demonstrate at the hearing that sovereign immunity had not been waived because Lueck (1) did not make a good faith report of a violation of law and (2) did not have a good faith belief that he was reporting a violation of law to an appropriate law enforcement authority, as required by section 554.002(a) of the Whistleblower Act.

On June 30, Lueck filed his second amended special exceptions and motion to dismiss the Department's plea to the jurisdiction. Lueck argued that the elements of a whistleblower claim found in section 554.002 of the Whistleblower Act are not jurisdictional facts necessary to waive sovereign immunity. Lueck maintained that under section 554.0035 of the Whistleblower Act, entitled "Waiver of Immunity," "[a] public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter." Tex. Gov't Code Ann. § 554.0035. Lueck argued that the Department was incorrectly characterizing the elements of a whistleblower claim as jurisdictional facts necessary to waive sovereign immunity under section 554.0035. Lueck maintained that he need only allege a violation of the Whistleblower

4

Act to be entitled to sue the Department. Therefore, he insisted that the Department was not entitled to a hearing on its plea to the jurisdiction because it was merely challenging the merits of his claim.

The district court held a hearing on Lueck's second amended special exceptions and motion to dismiss on July 7. At the hearing, the district court acknowledged that granting Lueck's motion would be equivalent to denying the Department's plea to the jurisdiction. On July 8, the district court granted Lueck's motion to dismiss the Department's plea to the jurisdiction. This interlocutory appeal followed.

**STANDARD OF REVIEW**

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit. *Miranda*, 133 S.W.3d at 224. Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Id*. Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject-matter jurisdiction. *Id*. Sovereign immunity is waived only when the legislature has clearly and unambiguously expressed that intent. *See* Tex. Gov't Code Ann. § 311.034 (West Supp. 2005); *Texas Dep't of Transp. v. Sunset Valley*, 146 S.W.3d 637, 641 (Tex. 2004).

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law. *Miranda*, 133 S.W.3d at 226; *Texas Natural Res. Conservation Comm'n v.*

5

*IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Whether a party has alleged facts that affirmatively demonstrate a district court's subject-matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a district court's jurisdiction are questions of law reviewed *de novo*. *Miranda*, 133 S.W.3d at 226. However, in some cases, disputed evidence of jurisdictional facts that also implicates the merits of the case may require resolution by the finder of fact. *Id*. (citing *Gates v. Pitts*, 291 S.W. 948, 949 (Tex. Civ. App.—Amarillo 1927, no writ)).

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id*. (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id*. If the pleadings do not contain sufficient facts to affirmatively demonstrate the district court's jurisdiction but likewise do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id*. at 226-27 (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id*. at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties for the district court to resolve the jurisdictional issues raised. *Id*. (citing *Bland*, 34 S.W.3d at 555). In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the district court reviews the relevant evidence to determine if a fact issue exists. *Id*. If

6

the evidence creates a fact question regarding the jurisdictional issue, then the district court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder. *Id*. at 227-28. When the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the district court may rule on the plea to the jurisdiction as a matter of law. *Id*. at 228.

## DISCUSSION

The Department contends that the district court erred as a matter of law by granting Lueck's motion to dismiss, by denying the Department's plea to the jurisdiction and by denying the Department an evidentiary hearing on its plea to the jurisdiction. In three issues, the Department asserts that (1) there was no issue of material fact, an evidentiary hearing was necessary to resolve the jurisdictional issue, and the Department was challenging the existence of jurisdictional facts; (2) the Department was entitled to a hearing on its plea to the jurisdiction; and (3) an evidentiary hearing would have established that there is no evidence that Lueck had a good faith belief that there had been a violation of law. Essentially, the Department claims that the supreme court's holding in *Miranda* requires a trial court to hold an evidentiary hearing any time a governmental entity's plea to the jurisdiction challenges the existence of jurisdictional facts. While we agree that *Miranda* authorizes the district court to consider evidence if necessary to resolve a jurisdictional issue, we do not agree that a governmental entity is entitled to a hearing on its plea to the jurisdiction merely because it purports to challenge the existence of jurisdictional facts. *Id*. at 227. The challenged facts must be jurisdictional. In order to resolve this dispute, we need only answer one question: What facts are jurisdictional under section 554.0035 of the Whistleblower Act?

*Section 554.0035*

Section 554.0035 of the Whistleblower Act states:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

Tex. Gov't Code Ann. § 554.0035. In *Wichita Falls State Hospital v. Taylor*, the supreme court stated that section 554.0035 is an example of a statute that "leaves no doubt about the Legislature's intent to waive immunity." 106 S.W.3d at 696 (Tex. 2003). The supreme court noted that the first sentence of section 554.0035 is a clear and unambiguous expression of the legislature's intent to waive immunity from suit and that the second sentence evinces the legislature's intent to waive immunity from liability. *See id*. at 696-97 n.5 (addressing the waiver of immunity from liability), n.6 (addressing the waiver of immunity from suit); *see also City of New Braunfels v. Allen*, 132 S.W.3d 157, 164 n.11 (Tex. App.—Austin 2004, no pet.) ("We believe the first sentence of section 554.0035 . . . clearly waive[s] immunity from *suit*, while the second sentence of section 554.0035, by its terms, waives immunity from *liability*.") (emphasis in original).

In *City of New Braunfels*, the City argued that the phrase "to the extent of liability for the relief allowed under this chapter" in the second sentence of section 554.0035, means that "if a plaintiff is unable to show that he or she will ultimately prevail, then the State has not waived immunity from suit." *City of New Braunfels*, 132 S.W.3d at 162. "Under the City's argument, a plaintiff would essentially have to prove his or her entire case—be it compliance with the limitations

8

provision, evidence of a good-faith reporting of a violation of the law, or evidence of retaliatory discharge—before the trial court has jurisdiction to entertain the case at all." *Id*. at 165. This Court explained that "[a] plaintiff's failure to ultimately prevail may protect the City from *liability*, but it does not, as the City argues, deprive the trial court of *subject-matter jurisdiction*." *Id*. (emphasis in original). Specifically, this Court recognized that requiring a plaintiff to prove up his or her case in order to survive a plea to the jurisdiction would add "a condition to the Whistleblower Act's waiver-of-immunity clause when the legislature chose not to do so." *Id*.

As we held in *City of New Braunfels*, section 554.0035 is clear and unambiguous: a public employee need only allege a violation of the Whistleblower Act to confer subject-matter jurisdiction on the trial court. Tex. Gov't Code Ann. § 554.0035; *see also Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004) ("If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results."). Thus, only facts pertaining to (1) Lueck's status as a public employee or (2) whether or not he adequately alleged a violation of the Whistleblower Act are jurisdictional facts relevant to whether section 554.0035 waives the Department's sovereign immunity from suit.

### *Texas Department of Parks & Wildlife v. Miranda*

The Department insists that *Miranda* overruled the supreme court's prior ruling in *Wichita Falls State Hospital* and this Court's ruling in *City of New Braunfels*. We disagree. In *Miranda*, the supreme court explicitly disapproved of "courts of appeals' holdings that require a

9

party to allege that pleadings, other than the jurisdictional amount, are fraudulent in order for the trial court to consider evidence, when otherwise necessary, of whether it has jurisdiction over a case." *Miranda*, 133 S.W.3d at 224 n.4. The supreme court did not disapprove of or overrule any prior construction of the statutory waiver of sovereign immunity found in section 554.0035 of the Whistleblower Act.

In *Miranda*, Maria Miranda and her husband Ray sued the Parks and Wildlife Department for damages stemming from personal injuries Maria sustained when a tree limb fell on her head while camping at Garner State Park. *Id*. at 221. The Mirandas' claims fell under the Tort Claims Act and the recreational use statute. *Id*. Under the Tort Claims Act, "sovereign immunity to suit is waived and abolished to the extent of liability created by [the Act]." Tex. Civ Prac. & Rem. Code Ann. 101.025(a). The *Miranda* court described the Tort Claims Act's waiver of governmental immunity as "a unique statutory scheme in which the two immunities are co-extensive." *Miranda*, 133 S.W.3d at 224. In addition, the supreme court found that "section 101.058 of the Tort Claims Act further modifies a governmental unit's waiver of immunity from suit by imposing the limitations of liability articulated in the recreational use statue." *Id*. at 225; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.058 ("To the extent that Chapter 75 [the recreational use statute] limits the liability of a governmental unit under circumstances in which the governmental unit would be liable under [the Tort Claims Act], Chapter 75 controls."). After analyzing the extent to which a governmental unit could be found liable under both the Tort Claims Act and the recreational use statute, the supreme court concluded that sovereign immunity is waived only if the governmental unit is grossly negligent. *Miranda*, 133 S.W.3d at 225. Essentially, the supreme court held that facts relating to

10

gross negligence are jurisdictional in a suit alleging violations of the Tort Claims Act when the recreational use statute is implicated. *Id.*

Unlike the Tort Claims Act, the waivers of immunity from suit and liability are not co-extensive under the Whistleblower Act. *See id.* at 224 (stating that two immunities are "co-extensive" under Tort Claims Act); *see also Wichita Falls State Hosp.*, 106 S.W.3d at 696-97 (noting that, under Whistleblower Act, waiver of immunity from suit and liability are independent and contained in separate sentences); *City of New Braunfels*, 132 S.W.3d at 164-66. Consequently, facts pertaining to whether the Department may be found liable under the Whistleblower Act are neither dispositive of, nor relevant to, our jurisdictional inquiry. *See Miranda*, 133 S.W.3d at 224; *Wichita Falls State Hosp.*, 106 S.W.3d at 696 ("Unlike immunity from suit, immunity from liability does not affect a court's jurisdiction to hear a case and cannot be raised in a plea to the jurisdiction.").

The Department insists that its evidence would negate two essential elements of Lueck's whistleblower claim: namely, that he made a good faith report of a violation of law and that his report was made to an appropriate law enforcement authority.[3] While this evidence may negate the Department's liability under the Whistleblower Act, it would not, even if true, affect the district court's subject-matter jurisdiction to hear the case. *City of New Braunfels*, 132 S.W.3d at 165. Therefore, the Department was not challenging jurisdictional facts, as it argues. Consequently, we

---

[3] To prevail on his Whistleblower Act claim, Lueck must allege the existence of each of the following elements: (1) he is a public employee; (2) he acted in good faith in making his report; (3) the report involved a violation of law; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation as a result of making the report. *See* Tex. Gov't Code Ann. § 554.002(a) (West 2004); *Hill v. Burnet County Sheriff's Dep't & Burnet County*, 96 S.W.3d 436, 440-41 (Tex. App.—Austin 2002, pet. denied).

11

hold that the district court did not err by denying the Department a hearing on its plea to the jurisdiction.[4] *Miranda*, 133 S.W.3d at 227 (acknowledging that if plea to jurisdiction challenges existence of jurisdictional facts, trial court must consider relevant evidence when necessary to resolve jurisdictional issues raised).

It is undisputed that Lueck is a public employee and that he alleged a claim under the Whistleblower Act. Accordingly, Lueck's pleadings affirmatively demonstrate the district court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. Therefore, the district court did not err by granting Lueck's motion to dismiss the Department's plea to the jurisdiction. We overrule the Department's first and second issues.[5]

## CONCLUSION

Because the Department's plea to the jurisdiction did not challenge jurisdictional facts and because Lueck's pleadings affirmatively demonstrate the district court's subject-matter

---

[4] A traditional or no-evidence motion for summary judgment is the proper avenue for raising the Department's concerns that its evidence would negate two essential elements of Lueck's whistleblower claim. Tex. R. Civ. P. 166a(c), (i).

[5] Because we hold that the district court has subject-matter jurisdiction to hear this case based solely on Lueck's allegations of a whistleblower claim, we do not reach the Department's third issue pertaining to whether there is any evidence that Lueck had a good faith belief that there had been a violation of law.

jurisdiction to hear the case, we affirm the district court's order dismissing the Department's plea to the jurisdiction.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   August 18, 2006