TEXAS DEPARTMENT OF
TRANSPORTATION,
Appellant,

v.

Sergio GARCIA, Appellee.

No. 13–07–004–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Nov. 1, 2007.

Henry De La Garza, Asst. Atty. Gen., Austin, TX, for Appellant.

Richard E. Zayas, Brownsville, TX, for Appellee.

Before Chief Justice VALDEZ and Justices GARZA and VELA.

## OPINION

Opinion by Justice VELA.

This is an interlocutory appeal from the denial of a plea to the jurisdiction in a whistleblower case. By one issue, appellant, the Texas Department of Transportation (TxDOT), complains that the trial court erred in denying its plea because appellee, Sergio Garcia (Garcia), did not plead and cannot show, as a matter of law, that he reported a violation of law to an appropriate law enforcement authority as required to establish a whistleblower cause of action. We hold that the trial court did not err in denying TxDOT's plea to the jurisdiction and affirm the judgment of the trial court.

## I.

### Background

On May 17, 2004, Garcia, a former employee of TxDOT's Pharr District, filed suit against TxDOT, seeking relief under the Texas Whistleblower Act. TEX. GOV'T CODE ANN. §§ 554.001–101 (Vernon 2004). Garcia alleged that Javier Gonzales, a coworker, directed him to use TxDOT tools to "do private work" during state work hours. According to Garcia, he refused to perform the requested acts and reported Gonzales' actions to "enforcement authorities within the Texas Department of Transportation, but no action was taken." Garcia further alleged that on another occasion he saw another TxDOT employee "drinking on the job and driving a compa-

ny vehicle." Garcia pleaded that he also reported this incident, "but again no action was taken." Garcia complained that his employment conditions continued to worsen, forcing him to seek medical attention, and finally, "out of despair," he resigned.

Garcia sued TxDOT pursuant to the Texas Whistleblower Act ("the Act"). On June 30, 2006, TxDOT filed a plea to the jurisdiction, challenging the existence of jurisdictional requirements to support a claim under the Act. Garcia responded, arguing that a question regarding whether he reported a violation to the appropriate law enforcement agency should be made in a motion for summary judgment, not a plea to the jurisdiction.

On August 17, 2006, the trial court held a hearing on TxDOT's plea to the jurisdiction. On October 2, 2006, the trial court sent a letter to the parties notifying them that it believed that notification had been given to a TxDOT supervisor, not a law enforcement officer who could investigate and prosecute the perpetrator. The court stated, however, that although most of the issues had been resolved by the supreme court in *Texas Department of Transportation v. Needham*, it was reluctant to extend *Needham* to a plea to the jurisdiction instead of a summary judgment motion without guidance from an appellate court. *See Tex. Dept. of Transp. v. Needham*, 82 S.W.3d 314 (Tex.2002). On December 11, 2006, the court issued a formal denial of the plea to the jurisdiction and TxDOT filed this interlocutory appeal.

## II.

### Standard of Review

■ A plea to the jurisdiction challenges a trial court's authority to consider the subject matter of a claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Id.* at 554. Because the existence of subject-matter jurisdiction is a question of law, the trial court's ruling on a plea to the jurisdiction is reviewed under a de novo standard. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1988). When reviewing a trial court's dismissal for want of jurisdiction, an appellate court may consider a plaintiff's pleadings, assertions of fact, and any evidence submitted by the parties relevant to the jurisdictional issue. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001).

■ An appellate court's task in this type of appeal is to determine whether the plaintiff pleaded a claim that appropriately invoked the trial court's jurisdiction. The reviewing court, however, should not address the merits of the case. *Blue*, 34 S.W.3d at 554. Instead, the appellate court must decide whether the facts as alleged support jurisdiction in the trial court. *Univ. of Tex. Med. Branch at Galveston v. Hohman*, 6 S.W.3d 767, 771 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.).

## III.

### Analysis

#### A. Sovereign Immunity

■ TxDOT recognizes that it can be sued under the Texas Whistleblower Act ("the Act") because the Act contains an express waiver of sovereign immunity, if a plaintiff alleges a cognizable violation of the Act. TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004); *State v. Lueck*, 212 S.W.3d 630, 635 (Tex.App.-Austin 2006, pet. denied); *Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440 (Tex.App.-Austin 2002, pet. denied). If a plaintiff fails to allege facts stating a claim under the Act, and the evidence does not establish that

the claim is within the scope of the statutory waiver of immunity, a trial court is without subject matter jurisdiction. The pleadings are construed liberally in favor of the plaintiff. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

## B. The Whistleblower Act

Under the Whistleblower Act, a state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority. Tex. Gov't Code Ann. § 554.002(a)(Vernon 2004). Section 554.002(b) of the Act further provides:

> (b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
> (1) regulate under or enforce the law alleged to be violated in the report; or
>
> (2) investigate or prosecute a violation of criminal law.

Tex. Gov't Code Ann. § 554.002(b)(Vernon 2004).

## C. The Nature of TxDOT's Challenges

▮▮▮ TxDot argues that Garcia failed to invoke the Whistleblower's Act because the record does not reflect evidence that the acts by TxDOT employees amounted to violations of the law or that Garcia

believed them to be violations of the law. TxDOT also urges that Garcia failed to plead and cannot show as a matter of law that he went to an appropriate law enforcement authority. Tex. Gov't Code Ann. § 554.002(a)(Vernon 2004). In other words, TxDOT claims that Garcia may not simply allege violations of the Whistleblower's Act. Instead, he must allege specific facts relating to the merits of his claim.

Both the Austin and Houston courts have rejected the argument that TxDOT presents to this court. *See Tex. Dep't of Human Services v. Okoli*, —— S.W.3d ——, 2007 WL 1844897 (Tex.App.-Houston [1st Dist.] 2007, pet. filed)[1]; *State v. Lueck*, 212 S.W.3d 630, 635–38 (Tex.App.-Austin 2006, pet. filed); *Tex. Bd. of Pardons & Paroles v. Feinblatt*, 82 S.W.3d 513, 520–22 (Tex.App.-Austin 2002, pet. denied)[2].

In these cases, governmental entities appealed the denials of jurisdictional pleas that had attacked the whistleblower's claims as not being good faith reports of violations of the law and that the employees did not have good faith beliefs that the violations were being reported to appropriate law enforcement authorities. *See Okoli*, 2007 WL 1844897 at *2, —— S.W.3d at ——; *Lueck*, 212 S.W.3d at 634; *Feinblatt*, 82 S.W.3d at 520. Each of these cases reasoned that, in a whistleblower suit, a plaintiff's good faith report of illegal activity is an element of the cause of action, not a jurisdictional prerequisite to suit. In *Feinblatt*, the court stated that an element of a plaintiff's cause of action does not affect the trial court's subject matter

---

1. In *Okoli*, the court iterates that it is not following this court's opinion in *Scott v. Godwin*, 147 S.W.3d 609, 620–23 (Tex.App.-Corpus Christi 2004, no pet.), among other cases. We do not believe that *Scott* is in conflict. The opinion in *Scott* discusses a more stringent test, but ultimately held that sufficient facts to support jurisdiction had been pleaded.

2. *See contra Potter County v. Parton*, No. 07–03–0338–CV, 2005 WL 1355111 (Tex.App.-Amarillo June 8, 2005, no pet.) (per curiam); *Henderson v. Tex. Dept. of Transp.*, No. 08–02–00058–CV, 2003 WL 21710744 (Tex.App.-El Paso July 24, 2003, no pet.) (mem. op., not designated for publication).

jurisdiction, rather, it affects the merits of the cause of action. *Feinblatt*, 82 S.W.3d at 520.

The Whistleblower's Act's waiver of immunity from suit provides that an employee may sue for relief pursuant to the government code. TEX. GOV'T CODE ANN. § 554.0035(Vernon 2004). In *Lueck*, the court iterated that the only facts relevant to a jurisdictional inquiry are the plaintiff's status as a public employee and whether the plaintiff adequately alleged a violation of the Act. *Lueck*, 212 S.W.3d at 636. The *Okoli* court similarly determined that whether an employee had a good faith belief in reporting a violation to a law enforcement authority, whether the employee had a good faith belief that the agency to which the report was made was proper, and whether the matter reported was actually a violation of the law are all irrelevant to whether subject matter jurisdiction exists. *Okoli*, 2007 WL 1844897 at *3, —— S.W.3d at ——. Here, as in *Okoli*, the plaintiff met the two requirements. He pleaded that he was a public employee and, viewing the pleadings in his favor, adequately alleged a violation of the Act.

The supreme court has not yet ruled on this precise issue. In *Needham*, the court concluded that under the circumstances of that case, TxDOT was not an appropriate law enforcement authority. *Needham*, 82 S.W.3d at 315. *Needham* was reviewed by the supreme court in the context of a trial on the merits. *Id*. The supreme court addressed the issue of whether the term "appropriate law enforcement authority" included TxDOT under the particular circumstances of that case. Ultimately, the *Needham* court held that TxDOT was not the appropriate law enforcement authority for a public employee to report another employee's violation of Texas's driving while intoxicated laws. *Id*. at 320. The court also determined that there was no evidence to support a finding that Needham had a good faith belief that TxDOT was an appropriate law enforcement authority to report a drunk driving incident. *Id*. at 321. The *Needham* court addressed the merits of the claim and did not consider the questions before it as jurisdictional prerequisites. Had the court determined that these were jurisdictional prerequisites, we are confident it would have dismissed the case rather than rule on the merits. A court's lack of jurisdiction requires dismissal of a case. *Volume Millwork, Inc. v. West Houston Airport Corp.*, 218 S.W.3d 722, 726 (Tex.App.-Houston [1st Dist.] 2006, pet. denied).

The Whistleblower Act makes the only jurisdictional prerequisites to maintaining a suit the plaintiff's status and the sufficiency of the whistleblower allegations. *Okoli*, 2007 WL 1844897 at *5, —— S.W.3d at ——. These prerequisites were met in this case. We hold that the trial court did not err in denying the plea to the jurisdiction.

The judgment of the trial court is affirmed.