NUMBER 13-07-004-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 


TEXAS DEPARTMENT OF TRANSPORTATION, 
Appellant,


v.
 


SERGIO GARCIA, Appellee.

 
 

On appeal from the 103rd District Court 

of Cameron County, Texas.


 
 


OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Opinion by Justice Vela


 This is an interlocutory appeal from the denial of a plea to the jurisdiction in a
whistleblower case. By one issue, appellant, the Texas Department of Transportation
(TxDOT), complains that the trial court erred in denying its plea because appellee,
Sergio Garcia (Garcia), did not plead and cannot show, as a matter of law, that he
reported a violation of law to an appropriate law enforcement authority as required to
establish a whistleblower cause of action. We hold that the trial court did not err in
denying TxDOT's plea to the jurisdiction and affirm the judgment of the trial court.

I.

Background


 On May 17, 2004, Garcia, a former employee of TxDOT's Pharr District, filed
suit against TxDOT, seeking relief under the Texas Whistlerblower Act. Tex. Gov't
Code Ann. §§ 554.001-101 (Vernon 2004). Garcia alleged that Javier Gonzales, a co-worker, directed him to use TxDOT tools to "do private work" during state work hours. 
According to Garcia, he refused to perform the requested acts and reported Gonzales'
actions to "enforcement authorities within the Texas Department of Transportation,
but no action was taken." Garcia further alleged that on another occasion he saw
another TxDOT employee "drinking on the job and driving a company vehicle." Garcia
pleaded that he also reported this incident, "but again no action was taken." Garcia
complained that his employment conditions continued to worsen, forcing him to seek
medical attention, and finally, "out of despair," he resigned.

 Garcia sued TxDOT pursuant to the Texas Whistleblower Act ("the Act"). On
June 30, 2006, TxDOT filed a plea to the jurisdiction, challenging the existence of
jurisdictional requirements to support a claim under the Act. Garcia responded, arguing
that a question regarding whether he reported a violation to the appropriate law
enforcement agency should be made in a motion for summary judgment, not a plea to
the jurisdiction.

 On August 17, 2006, the trial court held a hearing on TxDOT's plea to the
jurisdiction. On October 2, 2006, the trial court sent a letter to the parties notifying
them that it believed that notification had been given to a TxDOT supervisor, not a law
enforcement officer who could investigate and prosecute the perpetrator. The court
stated, however, that although most of the issues had been resolved by the supreme
court in Texas Department of Transportation v. Needham, it was reluctant to extend
Needham to a plea to the jurisdiction instead of a summary judgment motion without
guidance from an appellate court. See Tex. Dept. of Transp. v. Needham, 82 S.W.3d
314 (Tex. 2002). On December 11, 2006, the court issued a formal denial of the
plea to the jurisdiction and TxDOT filed this interlocutory appeal.

II.

Standard of Review


 A plea to the jurisdiction challenges a trial court's authority to consider the
subject matter of a claim. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000). Its purpose is "to defeat a cause of action without regard to whether the
claims asserted have merit." Id. at 554. Because the existence of subject-matter
jurisdiction is a question of law, the trial court's ruling on a plea to the jurisdiction is
reviewed under a de novo standard. Mayhew v. Town of Sunnnyvale, 964 S.W.2d
922, 928 (Tex. 1988). When reviewing a trial court's dismissal for want of
jurisdiction, an appellate court may consider a plaintiff's pleadings, assertions of fact,
and any evidence submitted by the parties relevant to the jurisdictional issue. Tex.
Dep't of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).

 An appellate court's task in this type of appeal is to determine whether the
plaintiff pleaded a claim that appropriately invoked the trial court's jurisdiction. The
reviewing court, however, should not address the merits of the case. Blue, 34 S.W.3d
at 554. Instead, the appellate court must decide whether the facts as alleged support
jurisdiction in the trial court. Univ. of Tex. Med. Branch at Galveston v. Hohman, 6
S.W.3d 767, 771 (Tex. App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.).

III.

Analysis


A. Sovereign Immunity

 TxDOT recognizes that it can be sued under the Texas Whistleblower Act ("the
Act") because the Act contains an express waiver of sovereign immunity, if a plaintiff
alleges a cognizable violation of the Act. Tex. Gov't Code Ann. § 554.0035 (Vernon
2004); State v. Lueck, 212 S.W.3d 630, 635 (Tex. App.-Austin 2006, pet. denied);
Hill v. Burnet County Sheriff's Dep't, 96 S.W.3d 436, 440 (Tex. App.-Austin 2002,
pet. denied). If a plaintiff fails to allege facts stating a claim under the Act, and the
evidence does not establish that the claim is within the scope of the statutory waiver
of immunity, a trial court is without subject matter jurisdiction. The pleadings are
construed liberally in favor of the plaintiff. Texas Ass'n of Bus. v. Texas Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993).

B. The Whistleblower Act

 Under the Whistleblower Act, a state or local governmental entity may not
suspend or terminate the employment of, or take other adverse personnel action
against a public employee who in good faith reports a violation of law by the
employing governmental entity or another public employee to an appropriate law
enforcement authority. Tex. Gov't Code Ann. § 554.002(a)(Vernon 2004). Section
554.002(b) of the Act further provides:

 (b) In this section, a report is made to an appropriate law enforcement
authority if the authority is a part of a state or local governmental entity
or of the federal government that the employee in good faith believes is
authorized to:


 (1) regulate under or enforce the law alleged to be violated in the report;
or


 (2) investigate or prosecute a violation of criminal law.


Tex. Gov't Code Ann. § 554.002(b)(Vernon 2004).

C. The Nature of TxDOT's Challenges

 TxDot argues that Garcia failed to invoke the Whistleblower's Act because the
record does not reflect evidence that the acts by TxDOT employees amounted to
violations of the law or that Garcia believed them to be violations of the law. TxDOT
also urges that Garcia failed to plead and cannot show as a matter of law that he went
to an appropriate law enforcement authority. Tex. Gov't Code Ann. §
554.002(a)(Vernon 2004). In other words, TxDOT claims that Garcia may not simply
allege violations of the Whistleblower's Act. Instead, he must allege specific facts
relating to the merits of his claim.

 Both the Austin and Houston courts have rejected the argument that TxDOT
presents to this court. See Tex. Dep't of Human Services v. Okoli, ___S.W.3d____,
2007 WL 1844897 (Tex. App.-Houston [1st Dist.] 2007, pet. filed) (1); State v. Lueck,
212 S.W.3d 630, 635-38 (Tex. App.-Austin 2006, pet. filed); Tex. Bd. of Pardons
& Paroles v. Feinblatt, 82 S.W.3d 513, 520-22 (Tex. App.-Austin 2002, pet.
denied) (2). 

 In these cases, governmental entities appealed the denials of jurisdictional pleas
that had attacked the whistleblower's claims as not being good faith reports of
violations of the law and that the employees did not have good faith beliefs that the
violations were being reported to appropriate law enforcement authorities. See Okoli, 
2007 WL 1844897 at *2; Lueck, 212 S.W.3d at 634; Feinblatt, 82 S.W.3d at 520. 
Each of these cases reasoned that, in a whistleblower suit, a plaintiff's good faith
report of illegal activity is an element of the cause of action, not a jurisdictional
prerequisite to suit. In Feinblatt, the court stated that an element of a plaintiff's cause
of action does not affect the trial court's subject matter jurisdiction, rather, it affects
the merits of the cause of action. Feinblatt, 82 S.W.3d at 520. 

 The Whistleblower's Act's waiver of immunity from suit provides that an
employee may sue for relief pursuant to the government code. Tex. Gov't Code Ann.
§ 554.035(Vernon 2004). In Lueck, the court iterated that the only facts relevant to
a jurisdictional inquiry are the plaintiff's status as a public employee and whether the
plaintiff adequately alleged a violation of the Act. Lueck, 212 S.W.3d at 636. The
Okoli court similarly determined that whether an employee had a good faith belief in
reporting a violation to a law enforcement authority, whether the employee had a good
faith belief that the agency to which the report was made was proper, and whether
the matter reported was actually a violation of the law are all irrelevant to whether
subject matter jurisdiction exists. Okoli, 2007 WL 1844897 at *3. Here, as in Okoli,
the plaintiff met the two requirements. He pleaded that he was a public employee
and, viewing the pleadings in his favor, adequately alleged a violation of the Act.

 The supreme court has not yet ruled on this precise issue. In Needham, the
court concluded that under the circumstances of that case, TxDOT was not an
appropriate law enforcement authority. Needham, 82 S.W.3d at 315. Needham was
reviewed by the supreme court in the context of a trial on the merits. Id. The
supreme court addressed the issue of whether the term "appropriate law enforcement
authority" included TxDOT under the particular circumstances of that case. Ultimately,
the Needham court held that TxDOT was not the appropriate law enforcement
authority for a public employee to report another employee's violation of Texas's
driving while intoxicated laws. Id. at 320. The court also determined that there was
no evidence to support a finding that Needham had a good faith belief that TxDOT was
an appropriate law enforcement authority to report a drunk driving incident. Id. at
321. The Needham court addressed the merits of the claim and did not consider the
questions before it as jurisdictional prerequisites. Had the court determined that these
were jurisdictional prerequisites, we are confident it would have dismissed the case
rather than rule on the merits. A court's lack of jurisdiction requires dismissal of a 
case. Volume Millwork, Inc. v. West Houston Airport Corp., 218 S.W.3d 722, 726
(Tex. App.-Houston [1st Dist.] 2006, pet. denied).

 The Whistleblower Act makes the only jurisdictional prerequisites to maintaining
a suit the plaintiff's status and the sufficiency of the whistleblower allegations. Okoli,
2007 WL 1844897 at *5. These prerequisites were met in this case. We hold that
the trial court did not err in denying the plea to the jurisdiction.

 The judgment of the trial court is affirmed.

 

 

 ROSE VELA

 Justice


Opinion delivered and filed 

this 1st day of November, 2007.
1. In Okoli, the court iterates that it is not following this court's opinion in Scott v. Godwin, 147
S.W.3d 609, 620-23 (Tex. App.-Corpus Christi 2004, no pet.), among other cases. We do not believe
that Scott is in conflict. The opinion in Scott discusses a more stringent test, but ultimately held that
sufficient facts to support jurisdiction had been pleaded. 
2. See contra Potter County v. Parton, No. 07-03-0338-CV, 2005 WL 1355111 (Tex.
App.-Amarillo June 8, 2005, no pet.) (per curiam); Henderson v. Tex. Dept. of Transp., No. 08-02-00058-CV, 2003 WL 21710744 (Tex. App.-El Paso July 24, 2003, no pet.) (mem. op., not designated
for publication).