Reversed and Remanded and Opinion filed May 20, 2008








Reversed and
Remanded and Opinion filed May
20, 2008.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00739-CV

____________

 

SYED AHMED, Appellant

 

V.

 

METROPOLITAN TRANSIT AUTHORITY, Appellee

 



 

On Appeal from the County
Civil Court At Law No. 1

Harris County, Texas

Trial Court Cause No. 869453

 



 

O P I N I O N

Appellant,
Syed Ahmed, brought an inverse condemnation lawsuit against appellee,
Metropolitan Transit Authority (AMETRO@), for damages allegedly caused by
METRO=s improvements on a drainage ditch. 
The trial court granted METRO=s plea to the jurisdiction and dismissed the case.  In his
sole issue, appellant contends that the trial court erred in granting the plea
to the jurisdiction because it had subject matter jurisdiction over his inverse
condemnation claim.  We reverse and remand.








BACKGROUND

The
property made the basis of this inverse condemnation case is a .68756-acre
tract of undeveloped land in northwest Houston (the AProperty@).  The Property is a portion of a
larger tract of land that was originally owned by the Sommermeyer family.  On
August 30, 1955, the Sommermeyer family conveyed a 30-foot-wide easement to the
Harris County Flood Control District (the ADistrict@) for drainage and flood control on a
drainage ditch extending across the Property and other properties in northwest
Houston.[1]  Only a
15-foot-wide portion of the Property is included within the 30-foot easement. 
On April 19, 1979, the District obtained a 100-foot-wide easement covering
portions of properties traversed by the 30-foot easement, including the
Property, for drainage and flood control on the drainage ditch and unit
E117-07-00.  Only a 50-foot-wide portion of the Property is included within the
100-foot easement.  The two easements are used to maintain the drainage ditch
and unit E117-07-00. 








In 1991,
METRO began developing plans to widen Gessner Road from Tanner Road to
Hempstead Highway (the AGessner Project@), requiring that the drainage ditch,
traversing the Property and adjacent properties, be expanded.  The District
decided that unit E117-07-00 would receive the increased storm-water runoff
expected to result from the Gessner Project and contracted with  METRO to
finance and oversee the expansion and improvements on the drainage ditch. 
METRO contracted with a third party to perform the drainage work.  In 2005,
Harris County foreclosed the Property for nonpayment of property taxes and sold
it to appellant in an auction in 2006.  Three months after appellant acquired
the Property, METRO=s subcontractors entered the Property and adjacent tracts of
land to begin work on the drainage ditch.  They constructed a new detention
pond, improved the drainage ditch, and performed other drainage-related work. 
During the improvements, appellant notified METRO on a number of occasions that
it was trespassing on the Property.  METRO continued the improvements and
completed the drainage work in January 2007. 

Thereafter,
appellant filed suit against METRO alleging inverse condemnation under the
Texas Constitution.  Specifically, appellant claimed that METRO, acting outside
the scope of the easements, condemned the Property by expanding the drainage
ditch.  METRO filed a plea to the jurisdiction contending that the trial court
lacked subject matter jurisdiction over appellant=s inverse condemnation claim.  METRO
alleged that because it acted within the scope of the two easements, appellant
could not establish an intentional taking.  The trial court granted METRO=s plea to the jurisdiction, and
appellant filed the instant appeal.  In his sole issue, appellant argues that
the trial court erred in dismissing his lawsuit because it had jurisdiction
over his inverse condemnation claim.

STANDARD
OF REVIEW

A plea
to the jurisdiction challenges the court=s subject matter jurisdiction.  Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Whether a trial
court has subject matter jurisdiction is a question of law we review de novo. 
Tex. Nat=l Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002);
Alobaidi v. Univ. of Tex. Health Science Ctr. at Houston, 243 S.W.3d 741,
744 (Tex. App.CHouston [14th Dist.] 2007, pet. denied).  A plea to the
jurisdiction can make two types of challenges: to the pleadings or to the
existence of jurisdictional facts.  See Tex. Dept. of Parks and Wildlife v.
Miranda, 133 S.W.3d 217, 226-28 (Tex. 2004); State v. Lueck, 212
S.W.3d 630, 635 (Tex. App.CAustin 2006, pet. filed).  








When a
plea to the jurisdiction challenges the sufficiency of the plaintiff=s pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the court=s jurisdiction to hear the cause.  Miranda,
133 S.W.3d at 226.  We construe the pleadings liberally in favor of the
plaintiff and look to the pleader=s intent.  City of Carrollton v.
Singer, 232 S.W.3d 790, 795 (Tex. App.CFort Worth 2007, pet. denied).  If
the pleadings do not allege sufficient facts to affirmatively establish the
trial court=s jurisdiction, but also do not affirmatively demonstrate incurable
defects in jurisdiction, the issue is one of pleading sufficiency.  Under these
circumstances, plaintiff should be afforded the opportunity to amend.  County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  If the pleadings
affirmatively negate the existence of jurisdiction, then a plea to the
jurisdiction may be granted without allowing the plaintiff an opportunity to
amend.  Id.

When a
plea to the jurisdiction challenges the existence of jurisdictional facts, as
in the instant case, we consider relevant evidence submitted by the parties
when necessary to resolve the jurisdictional issues raised.  Miranda,
133 S.W.3d at 227; see also Bland, 34 S.W.3d at 555.  In a case in which
the jurisdictional challenge implicates the merits of the plaintiff=s cause of action and the plea to the
jurisdiction includes evidence, we review the relevant evidence to determine if
a fact issue exists.  Miranda, 133 S.W.3d at 227.  If the evidence
creates a fact question regarding the jurisdictional issue, we cannot affirm
dismissal based upon the plea to the jurisdiction, and the fact issue must be
resolved by the fact finder.  Id. at 227-28.  However, if the relevant
evidence is undisputed or fails to raise a fact question on the jurisdictional
issue, then the plea to the jurisdiction should be granted as a matter of law. 
Id. at 228.  When reviewing a plea to the jurisdiction in which the
pleading requirement has been met and evidence has been submitted to support
the plea that implicates the merits of the case, we take as true all evidence
favorable to the nonmovant.  Id. 

ANALYSIS








Article
I, section 17 of the Texas Constitution waives immunity from suit and liability
in inverse condemnation cases and authorizes compensation for such
constitutional taking.  See Tex.
Const. art. I, ' 17; Gen. Servs. Comm=n v. Little-Tex Insulation Co., Inc., 39 S.W.3d 591, 598
(Tex. 2001).  To state a cause of action for inverse condemnation under the
Texas Constitution, a plaintiff must allege (1) a governmental unit performed
an intentional act (2) that resulted in his property being taken, damaged, or
destroyed (3) for public use.  Little-Tex, 39 S.W.3d at 598.  

METRO=s plea to the jurisdiction challenges
the existence of jurisdictional facts, not the sufficiency of appellant=s pleadings.[2] 
In its plea, METRO disputes the facts underlying appellant=s inverse condemnation claim;
specifically, METRO disputes that: (1) METRO engaged in an intentional act; and
(2) the intentional act resulted in a taking of the Property.  METRO submitted
evidence showing that: (1) the drainage work was authorized by statute; (2) a
portion of the drainage work was supported by easement rights; (3) the drainage
work did not result in an entire taking of appellant=s property; and (4) METRO did not act
with the requisite intent.  In response, appellant filed an affidavit
contending that METRO exceeded the scope of the 30-foot easement and was not
authorized to perform the drainage work.  








The
evidence before us raises a fact issue as to whether the drainage work was
supported by easement rights and whether METRO acted within the scope of the
easement.  These issues ultimately determine whether appellant will succeed on
the merits of his claim and recover damages.  Relying on Miranda, METRO
invites us to review the evidence and resolve these fact issues in METRO=s favor.  We decline METRO=s invitation.  Miranda allows
dismissal on a plea to the jurisdiction only when the jurisdictional evidence
is undisputed and fails to raise a fact issue.  See Miranda, 133 S.W.3d
at 227-28.  Because there is disputed evidence in this case creating fact
issues regarding the easement rights, METRO=s intent, and the existence of a
taking, METRO=s contentions here extend beyond the parameters of what a trial court (or
an appellate court) is allowed to resolve under Miranda.  Id.
(stating that resolution of disputed jurisdictional facts implicating the
merits of a claim or defense is reserved for the fact finder); compare Lueck,
212 S.W.3d at 637 (stating that facts on liability were not necessarily
relevant to jurisdictional inquiry and did not affect court=s jurisdiction to hear the case). 
Therefore, dismissal on a plea to the jurisdiction is not proper in this case. 

METRO
also relies on a line of cases to support its proposition that a plea to the
jurisdiction can be used to dismiss a case on the merits.  See City
of Del Rio v. Felton, No. 04-06-00091-CV, 2007 WL 247655 (Tex. App.CSan Antonio Jan. 31, 2007, no pet.)
(mem. op.); State v. Holland, 221 S.W.3d 639 (Tex. 2007); City of
Laredo v. Duarte, No. 04-06-00226-CV, 2006 WL 1895482 (Tex. App.CSan Antonio July 12, 2006, no pet.)
(mem. op.); Ahart v. Texas Dept. of Transp., No. 14-05-00027-CV, 2006 WL
2167223 (Tex. App.CHouston [14th Dist.] Aug. 1, 2006, pet. denied) (mem. op.);
City of Kemah v. Vela, 149 S.W.3d 199 (Tex. App.CHouston [14th Dist.] 2004, pet.
denied). These cases are distinguishable because they involve either a pleading
sufficiency defect or involve undisputed evidence on the jurisdictional
issues.  See Felton, 2007 WL 247655, at *6 (holding that a plea to the
jurisdiction was proper in challenging the pleadings, not jurisdictional facts,
because pleadings alleged negligent conduct, rather than intentional conduct); Holland,
221 S.W.3d at 641, 643-44 (plea to the jurisdiction was warranted in a dispute
over patent rights because an inverse condemnation claim is not the proper
vehicle to assert patent rights); Duarte, 2006 WL 1895482, at *2 (plea
to the jurisdiction was proper because there was undisputed evidence
of easement rights); Ahart, 2006 WL 2167223, at *2-4 (plea to the
jurisdiction was warranted in flood water impact case because such cases are
reviewed differently due to the speculative nature of subsequent property damage,
and the undisputed evidence failed to raise a fact issue); Vela, 149
S.W.3d at 203-205 (undisputed jurisdictional evidence warranted the granting of
the plea to the jurisdiction).








Taking as true all evidence favorable to the nonmovant, 
we conclude that there is disputed jurisdictional evidence raising a fact issue
as to whether METRO engaged in an intentional taking under article I, invoking
subject matter jurisdiction over appellant=s
inverse condemnation claim.  We sustain appellant=s sole issue on appeal.  We reverse the trial court=s judgment and remand for further proceedings.

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

Judgment rendered and Opinion filed
May 20, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.









[1]  The conveyance also provided that the District would
maintain a drainage ditch system on the Property referred to as unit
E117-07-00.





[2]  It is undisputed that appellant=s allegations are sufficient to support subject matter
jurisdiction.