**TEXAS DEPARTMENT OF TRANSPORTATION,**
Petitioner,

v.

**Sergio GARCIA, Respondent.**

No. 07–1030.

Supreme Court of Texas.

Aug. 28, 2009.

Greg W. Abbott, Attorney General of Texas, David S. Morales, Kristina Weber Silcocks, Rafael Edward Cruz, Walter C. Brocato, Office of the Attorney General of Texas, Henry De La Garza, Asst. Attorney General, James C. Ho, Solicitor General of Texas, Bill Davis, Office of the Attorney General of Texas, Office of Solicitor General, Kent C. Sullivan, Austin, TX, Ryan D. Clinton, Hankinson Levinger, Dallas TX, for Petitioner.

Richard E. Zayas, Zayas & Hernandez, P.C., Brownsville, TX, for Respondent.

PER CURIAM.

Sergio Garcia sued the Texas Department of Transportation (TxDOT) under the Texas Whistleblower Act, alleging that he was forced to resign based on two incidents in which he reported violations of law to the "enforcement authorities within [TxDOT]." TxDOT filed a plea to the jurisdiction based on immunity from suit,

claiming that the trial court lacked subject-matter jurisdiction because Garcia failed to make a good faith report of a violation of law to an appropriate law enforcement authority. *See* TEX. GOV'T CODE § 554.002(a). The trial court denied the plea to the jurisdiction and TxDOT took an interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE § 51.014(a)(8) (permitting appeal from an interlocutory order that denies a plea to the jurisdiction by a governmental unit). The court of appeals affirmed, holding that the section 554.002(a) elements are not jurisdictional prerequisites but rather go to the merits of the claim. 243 S.W.3d 759, 762–63; *see also* TEX. GOV'T CODE § 554.0035. However, in *State v. Lueck*, 290 S.W.3d 876, 883 (Tex.2009), we held that "the elements of section 554.002(a) can be considered to determine both jurisdiction and liability." Accordingly, whether Garcia's report of violations of the law to "enforcement authorities within [TxDOT]" was a good faith report to an appropriate law enforcement authority is a jurisdictional question. Therefore, without hearing oral argument, TEX.R.APP. P. 59. 1, and for the reasons explained in *Lueck*, we reverse and remand to the court of appeals to determine whether Garcia has alleged a violation under the Act. *See* TEX. GOV'T CODE § 554.002(a).