

**NUMBER 13-07-004-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**TEXAS DEPARTMENT OF TRANSPORTATION,** Appellant,

**v.**

**SERGIO GARCIA,** Appellee.

---

### On appeal from the 103rd District Court
### of Cameron County, Texas.

---

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion on Remand by Justice Vela**

This is an appeal from the denial of a plea to the jurisdiction. In a single issue,

appellant, Texas Department of Transportation ("TxDOT"), contends that the trial court

erred in denying its plea to the jurisdiction because appellee, Sergio Garcia, did not plead and cannot show that he reported a violation of law to an appropriate law enforcement authority as required by the Texas Whistleblower Act ("Act"). *See* TEX. GOV'T CODE ANN. § 554.002(a) (Vernon 2004). We hold that the trial court erred in denying TxDOT's plea to the jurisdiction and we render judgment dismissing Garcia's cause of action for want of jurisdiction.

## I. BACKGROUND

On May 17, 2004, Garcia initiated a suit against TxDOT seeking relief under the Act. On June 30, 2006, TxDOT filed a plea to the jurisdiction in the trial court, contending that it lacked subject matter jurisdiction over Garcia's claim because Garcia failed to make a good faith report of a violation of law to an appropriate law enforcement authority. *See id.* § 554.002(a). The trial court denied the plea to the jurisdiction on December 11, 2006, and TxDOT subsequently filed an interlocutory appeal. On November 1, 2007, this Court affirmed the trial court's order. *Tex. Dep't of Transp. v. Garcia*, 243 S.W.3d 759, 763 (Tex. App.–Corpus Christi 2007). The supreme court reversed this Court's decision in light of its opinion in *State v. Lueck*, 290 S.W.3d 876 (Tex. 2009), wherein it held that the elements of a cause of action under the Act can be considered as jurisdictional facts when necessary to determine whether a plaintiff has alleged a violation under the Act. *Tex. Dep't of Transp. v. Garcia*, 293 S.W.3d 195, 196 (Tex. 2009) (citing Lueck, 290 S.W.3d at 881).

## II. STANDARD OF REVIEW

A plea to the jurisdiction is considered a dilatory plea, which challenges a trial court's authority to hear a cause of action without regard to the merits of the claim. *Bland Indep.*

*Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  Furthermore, parties may challenge the court's subject matter jurisdiction by filing a plea to the jurisdiction.  *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004).  It is the plaintiff's burden to allege facts that affirmatively demonstrate that a trial court has subject matter jurisdiction.  *Tex. Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).  If a petition affirmatively negates the court's jurisdiction, then the court may grant the jurisdictional plea without permitting the plaintiff to amend the pleadings.  *Miranda*, 133 S.W.3d at 226.

### III. ANALYSIS

This case was brought by Garcia pursuant to the Act.  Under the Act, immunity is waived when a public employee alleges a violation of chapter 554 of the government code. TEX. GOV'T CODE ANN. § 554.0035.  Upon remand, this Court is asked to consider whether Garcia's report of violations of law to "enforcement authorities within TxDOT was a good faith report to an appropriate law enforcement authority."  *Garcia*, 293 S.W.3d at 196.  We hold, under *Lueck*, that it was not.

Section 554.002(a) of the Act states:

> A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith *reports a violation of law* by the employing governmental entity or another public employee *to an appropriate law enforcement authority*.  [Emphasis added].

Because Garcia pleaded two allegations that could be regarded as "violations of law," we consider whether Garcia reported the "violations" to "an appropriate law enforcement authority."  When reporting a "violation" to an "appropriate enforcement authority," a public employee should, in good faith, believe that the "enforcement authority"

3

is authorized to "enforce the law alleged" or have the ability to "investigate or prosecute a violation of criminal law." TEX. GOV'T CODE ANN. § 554.002(b)(1)-(2). In *Texas Department of Transportation v. Needham,* the supreme court held that TxDOT was not considered an appropriate law enforcement authority to enforce laws that related to driving while intoxicated. *Texas Dep't of Transp. v. Needham,* 82 S.W.3d 314, 317 (Tex. 2002) (holding employer's power to conduct internal investigations or disciplinary practices will not satisfy the "appropriate law enforcement authority" standard under the Act). According to Garcia's original petition, he reported the "violation" to the "enforcement authorities" within TxDOT. Under *Needham*, TxDOT is not considered an "appropriate law enforcement authority" for purposes of reporting a "violation of the law" under the Act. *Id*. at 320.

Although an employer has the power to conduct disciplinary procedures, when an employee makes an allegation of a "violation," it does not satisfy the standard for an "appropriate law enforcement authority" under the Act. *Id*. at 321. Garcia did not report the employee to any law enforcement agency, but rather made an internal complaint. *Cf. Lueck,* 290 S.W.3d at 885 (stating that an employee reported a violation to the "head of a division" within TxDOT, but the head of division could not be regarded as one who could regulate or enforce the violation of the law alleged). Considering Garcia's pleadings and section 554.002(a) of the Act, we hold that Garcia's pleadings have not affirmatively demonstrated that he reported a violation of law to an appropriate law enforcement authority under the Act and therefore, there are no jurisdictional facts which would implicate the court's subject matter jurisdiction.

## IV. CONCLUSION

We sustain appellant's issue, reverse the judgment of the trial court, and render judgment dismissing the cause for lack of subject-matter jurisdiction.

ROSE VELA
Justice

Delivered and filed the 24th
day of June, 2010.

5