**BEXAR COUNTY, Appellant,**

v.

**Andrew LOPEZ, Appellee.**

No. 04–02–00506–CV.

Court of Appeals of Texas, San Antonio.

Oct. 31, 2002.

Clarkson F. Brown, Asst. Criminal Dist. Atty., San Antonio, for Appellant.

Philip Durst, Wiseman, Durst, Owen & Colvin, P.C., Austin, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

Opinion by KAREN ANGELINI, Justice.

This is an interlocutory appeal from the trial court's denial of Bexar County's plea to the jurisdiction/motion for summary judgment. According to the County, the trial court erred by denying its motions because Andrew Lopez did not plead facts sufficient to show the County waived its immunity under the Texas Whistleblower Act. We overrule the County's issue and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Andrew Lopez is an experienced law enforcement agent who worked for the Bexar County District Attorney as a criminal investigator. He shared an office with a co-employee, Gloria. According to Lopez, Gloria spent much of her time at work conducting personal business. At that time, Lopez believed Gloria was violating the law by misusing county property, so he reported her behavior to John Benavides, his supervisor, and to Yolanda Perez, Glo-

ria's supervisor. According to Lopez, Benavides and Perez gave him permission to audiotape Gloria. The County disputes Lopez's contention that he received permission to audiotape Gloria. Based upon this permission, Lopez started audiotaping Gloria at work.

Later, Lopez told Julie Wright, the staff supervisor, that he had audiotaped Gloria. Ultimately, Lopez's supervisor determined Lopez should be dismissed because either his behavior was grossly inappropriate, or, if Lopez's statements about audiotaping his co-worker were false, because of his dishonesty in making the statements. On February 22, 2001, Lopez's employment was terminated.

Lopez brought suit against Bexar County, alleging the County terminated him because he reported a co-employee's "illegal activity"—misusing government property. The County filed a Plea to the Jurisdiction and/or Motion for Summary Judgment on the grounds that it was immune from suit. Lopez included with his response to the County's motions excerpts from his deposition, his answers to the County's interrogatories, and an affidavit citing Penal Code, section 39.02, which makes it illegal for a government employee to misuse government property. The trial court denied the County's motions. The County brings this interlocutory appeal.

### DISCUSSION

#### A. *Standard of Review*

 Because governmental immunity from suit defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex.1999); *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex.1997); *Missouri Pac. R.R. v. Brownsville Navi-*

*gation Dist.*, 453 S.W.2d 812, 814 (Tex. 1970). We review a trial court's ruling on a plea to the jurisdiction de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). Our task is to decide whether the facts as alleged support jurisdiction in the trial court. *University of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 771 (Tex.App.-Houston [1st Dist.] 1999, pet. dism'd w.o.j.). In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). In addition to the pleadings, we must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised. *Bland I.S.D. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

#### B. *Sovereign Immunity and the Texas Whistleblower Act*

 To defeat a governmental entity's claim of immunity from suit, the party suing the governmental entity must establish the state's consent to be sued, which may be alleged either by reference to a statute or to express legislative permission. *Jones*, 8 S.W.3d at 637; *Missouri Pac. R.R.*, 453 S.W.2d at 814. "The courts of our state require clear and unambiguous legislative expression before they will hold that sovereign immunity has been waived." *Kerrville State Hosp. v. Fernandez*, 28 S.W.3d 1, 3 (Tex.2000). The Whistleblower Act contains an express waiver of the state's sovereign immunity. TEX. GOV'T CODE ANN. § 554.0035 (Vernon 1994).

The Whistleblower Act prohibits a state or local governmental entity from suspending or terminating the employment of a public employee who "in good faith reports a violation of law by the employing entity or another public employee to an appropri-

ate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a) (Vernon Supp.2002); *see also Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex.2002). To establish a claim under the Act, the plaintiff must allege the following elements: (1) he is a public employee; (2) he acted in good faith in making the report; (3) the report involved a violation of law; (4) the report was made to an appropriate law enforcement authority; and (5) he suffered retaliation as a result of making the report. TEX. GOV'T CODE ANN. § 554.002(a) (Vernon Supp.2002); *City of San Antonio v. Heim*, 932 S.W.2d 287, 290 (Tex.App.-Austin 1996, writ denied). In its plea to the jurisdiction/motion for summary judgment, the County attacked Lopez's pleadings on the grounds that Lopez did not sufficiently demonstrate that the County terminated him because he reported a violation of law in good faith.

■■■ The Texas Supreme Court defined "good faith" in the context of the Act in *Wichita County v. Hart:* " 'Good faith' means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience." 917 S.W.2d 779, 784 (Tex. 1996).

> The test's first element—the "honesty in fact" element—ensures that an employee seeking a Whistleblower Act remedy believed he was reporting an actual violation of law. The test's second element ensures that, even if the reporting employee honestly believed that the reported act was a violation of law, the reporting employee only receives Whistleblower Act protection if a reasonably prudent employee in similar circumstances would have believed that the facts as reported were a violation of law. Thus, the Hart test includes both a subjective and objective element.

*Texas Dep't of Transp. v. Needham*, 82 S.W.3d at 320 (citing *Hart*, 917 S.W.2d at 784–85) (citations omitted).

■■■ According to the County, Lopez failed to make the necessary showing that he believed a crime had been committed and has, thus, failed to satisfy the test's subjective element. The County extensively cites Lopez's deposition, which, according to the County, demonstrates that Lopez "waivered between a possibility that a law might have been broken." Many of Lopez's statements deal with whether he believed he was conducting *an investigation* into Gloria's behavior. Whether he believed he was investigating Gloria's behavior is irrelevant to our inquiry here— whether he believed Gloria's conduct was illegal—and we need not consider it. *See Blue*, 34 S.W.3d at 555. The following statements, however, are relevant to our inquiry:

> Q: At that time, did you believe [Gloria] was violating the law?
>
> A: Yes, I did.
>
> Q: And which law did you think she was violating?
>
> A: Using her title, using County property for something else other than work.
>
> Q: And what law would that violate?
>
> A: Misuse of County property.

In its brief, the County ignores Lopez's statement in which he pinpointed the law he believed Gloria was violating. Later, the following colloquy took place:

> Q: She is making a personal phone call to take care of an outside activity. Is that against the law?
>
> A: No.

And still later, the following exchange took place:

Q: So even though you believe that Gloria was violating the law, you didn't believe she should be fired?

A: I didn't believe she was violating the law. I'm not saying that. I'm saying that she was using the phone.

In addition to his deposition testimony, Lopez points to his answers to the County's interrogatories and his affidavit to demonstrate the State waived its immunity. In his answers, Lopez expressly stated he "believed, and still believes, in good faith, that the conduct reported to the defendant violated, *inter alia,* TEX. PENAL CODE § 39.02." And in his affidavit, Lopez states:

As stated in my answers to interrogatories and in my deposition, I believe now, and have always believed, that the conduct I reported by an employee of the Bexar County District Attorney's office was violative of Texas law. I believed, at the time I witnessed this conduct *and at the time I reported it to persons at the Bexar County District Attorney's office,* that the conduct of this employee of the Bexar County District Attorney's office was a misuse of government property, services, personnel and other things of value belong to Bexar County, the entity that we all worked for. I saw this employee significantly misuse government time and equipment for non-county or non-government business. As I explained in my deposition, a few phone calls or short non-government projects, are not a clear violation of this law, but I saw significant amounts of time and resources being expended by this employee and it was also interfering with my ability to do my job, as we shared an office and equipment. This employee's use of time and resources for non-county work was not incidental or reasonable. In addition, and as I explained in more detail in my deposition, this employee misused her government position by interjecting the Bexar County District Attorney's office into issues beyond our jurisdiction, to influence, in my opinion, the outcome of the affairs of other governmental entities and private parties. I believed at the time I made my reports, and still believe now, that such conduct violate laws such as § 39.02 of the Texas Penal Code.

■ According to the County, the affidavit is a "sham" and should not be considered because "it changes the deposition, changes a material issue, and allows the appellant's attorney to ride in after the truth has been sworn to in the deposition and try to mop up the mess." The County, however, failed to object to the affidavit on this ground. Its complaint on appeal is waived. TEX.R.APP. P. 33.1.[1]

■ Lopez unequivocally states, in his deposition, that he believed a law had been violated—misuse of County property. Furthermore, in his answers to the County's interrogatories and in his affidavit, even more clearly and succinctly, Lopez states his on-going belief that Gloria violated the law. Because we construe the pleadings and evidence in favor of the pleader, here Lopez, we hold he sufficiently has demonstrated that he believed Gloria had committed a crime. However, in

---

1. Even if the County had asserted a proper objection, the affidavit does not conflict with Lopez's prior deposition or his answers to the County's interrogatories. Accordingly, this court may consider it for purposes of our review here. *But see Cantu v. Peacher,* 53 S.W.3d 5, 10–11 (Tex.App.-San Antonio 2001, pet. denied) (holding if "the subsequent affidavit clearly contradicts the witness's earlier testimony involving the suit's material points, without explanation, the affidavit must be disregarded and will not defeat the motion for summary judgment").

order for Lopez's belief to be one of "good faith," Lopez must also demonstrate that his belief was reasonable. *Hart,* 917 S.W.2d at 784.

█ According to the County, Lopez cannot demonstrate that his belief was reasonable, particularly in light of his extensive law enforcement training and experience. The objective prong of the "good faith" test requires that the reasonableness of a peace officer's belief be examined more closely than that of those in other professions in deciding whether an act is a violation of law. *Harris Cty. Precinct Four Constable Dep't. v. Grabowski,* 922 S.W.2d 954, 956 (Tex.1996). Lopez, in his pleadings, repeatedly asserts he made the report in good faith. Furthermore, in his deposition, Lopez described Gloria's behavior and identified the law that allegedly was broken. And finally, in his affidavit, Lopez states the following:

> Because the conduct I reported involved the misuse of county time, resources, and authority, my belief was reasonable in light of my training and experience. Any reasonable employee, administrator, and person with law enforcement experience would believe that such conduct violated, amongst possibly other things, § 39.02 of the Texas Penal Code. I believe that any employee would believe that such conduct violated this statute and possibly other rules. Certainly, any employee with my training and experience would believe that this statute was being violated by the conduct I witnessed and have described.

The fact that Lopez has pointed out an *actual* law that he believes Gloria violated is relevant to our inquiry here. In *Grabowski,* a county deputy presented no evidence of a law he believed had been violated. The supreme court held that his belief was, therefore, unreasonable. 922 S.W.2d at 955–56. Furthermore, relevant to our

inquiry is the fact that Lopez actually observed the allegedly illegal conduct. In *Department of Criminal Justice v. Terrell,* the court determined that a warden's belief was unreasonable because it was based on unsubstantiated rumor and innuendo. 18 S.W.3d 272, 276–77 (Tex.App.-Tyler 2000, pet. denied).

Despite these facts, the County argues Lopez's description of Gloria's conduct and his identification of the law he believes she violated is not enough to satisfy the objective prong of the "good faith" test. Rather, according to the County, Lopez must show that Gloria's conduct actually violated Penal Code, section 39.02. The County provides no support for its assertion that Lopez must make such a showing.

The County also seems to argue that because Gloria's use of county resources was "incidental," and because government employees act similarly everyday, Lopez's belief that she was violating a law is unreasonable. For two reasons, the County's contention is flawed. First, the statute—Penal Code, section 39.02—makes no distinction between incidental, occasional, and regular misuse of property. And second, the fact that actions like Gloria's may be commonplace, unreported, and even tolerated in the governmental workplace, does not solely mean that Lopez's belief was unreasonable. *Rogers v. City of Fort Worth,* 89 S.W.3d 265 (Fort Worth, 2002, no pet. h.). It may also mean that law enforcement officials ignored the law and allowed government employees to get away with it. *Id.*

Construing Lopez's pleadings and the evidence in his favor, we hold Lopez has sufficiently shown that his belief that Gloria's behavior was illegal was reasonable.

### CONCLUSION

We hold the trial court did not err in overruling Bexar County's plea to the jur-

isdiction. The trial court's judgment is affirmed.