The UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER AT DALLAS, Appellant

v.

Larry M. GENTILELLO, M.D., Appellee.

No. 05–07–00845–CV.

Court of Appeals of Texas, Dallas.

July 18, 2008.

Robert F. Johnson III, Assistant Atty. Gen., Austin, Michael C. Steindorf, Fulbright & Jaworski, L.L.P., Dallas, TX, for Appellant.

Charla G. Aldous, Aldous Law Firm, R. Brent Cooper, Diana L. Faust, Cooper & Scully, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, WHITTINGTON, and O'NEILL.

## OPINION

Opinion by Justice O'NEILL.

In this interlocutory appeal, the University of Texas Southwestern Medical Center at Dallas appeals an order denying its plea to the jurisdiction. In three issues, UT Southwestern generally contends (1) the trial court should have granted its plea to the jurisdiction based on sovereign immunity because appellee Larry M. Gentilello, M.D., did not allege a claim within the waiver provisions of the Whistleblower Act, and (2) the trial court should have sua sponte dismissed Gentilello's claim because Gentilello judicially admitted a fact establishing he could not prevail on his Whistleblower claim. For the following reasons, we affirm the trial court's order.

Gentilello is a tenured professor of medicine at UT Southwestern. When initially employed by UT Southwestern, Gentilello was the Chair of the Division of Burn, Trauma and Critical Care and held the Distinguished C. James Carrico, M.D. Chair in Trauma. During his employment, Gentilello alleges he discovered that resident doctors at Parkland were treating and performing surgical procedures on patients without the supervision of an attending physician. Gentilello believed this practice constituted a violation of Medicare and Medicaid rules and regulations. Gentilello reported the violations to Robert V. Rege, the person at UT Southwestern who set the policies regarding the presence of attending physicians and who had the power to internally investigate Medicare and Medicaid violations. After making his report to Rege, Rege stripped Gentilello of his positions as the Chair of the Division of Burn, Trauma and Critical Care and the Distinguished C. James Carrico, M.D. Chair in Trauma.

Gentilello sued UT Southwestern for violations of the Texas Whistleblower Act. He alleged that he had a good faith belief that Medicare and Medicaid violations were occurring at UT Southwestern and he reported these violations to the person that he believed in good faith had the authority to "investigate and correct" such practices. According to Gentilello, his reporting resulted in an adverse personnel action against him when he was stripped of his chair positions.

UT Southwestern filed a plea to the jurisdiction alleging Gentilello's claims are barred by sovereign immunity. UT Southwestern acknowledged the Whistleblower Act waives immunity from suit for claims brought under the Act, but asserted Gentilello did not allege a violation of that Act. In particular, it maintained Gentilello failed to allege that he reported a violation

of law to an "appropriate law enforcement authority."

In the first and second issues, UT Southwestern asserts the trial court erred in denying its plea to the jurisdiction. A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Whether the trial court has subject matter jurisdiction is a question of law, which we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). We focus first on the plaintiff's petition to determine whether the pleaded facts affirmatively demonstrate that jurisdiction exists. *City of Dallas v. VRC LLC*, 05–06–01056–CV, 2008 WL 2081529 *2, 260 S.W.3d 60, 63 (Tex.App.-Dallas May 19, 2008, no pet.). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226–27.

A plea to the jurisdiction may also challenge the existence of jurisdictional facts. *Id.* at 227. In such instances, the plea to the jurisdiction may require the court to consider evidence pertaining to the jurisdictional facts. *VRC LLC*, 2008 WL 2081529 * 2, at 64. If evidence presented at a plea to the jurisdiction negates the existence of jurisdictional facts as a matter of law, the plea to the jurisdiction should be granted. *City of Waco v. Lopez*, 259 S.W.3d 147, 150 (Tex., 2008). However, if a fact issue is presented, the trial court should deny the plea. *Id.*

A State must expressly waive its sovereign immunity. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability. *Miranda*, 133 S.W.3d at 224. While immunity from liability is an affirmative defense, immunity from suit deprives a court of subject-matter jurisdiction. *Id.*

The Whistleblower Act contains an express waiver of immunity from suit. Specifically, a public employee who "alleges" a violation of the Act may sue the employing state or local government entity for the relief provided by the Act. TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004); *see Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 n. 6 (Tex.2003). Under the Act, a state or local governmental entity may not take adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity to "an appropriate law enforcement authority." *See* TEX. GOV'T CODE ANN. § 554.002 (Vernon 2004). A report is made to an appropriate law enforcement authority if the authority is a part of a governmental entity that the employee in good faith believes is authorized to (1) regulate under or enforce the law alleged to be violated in the report or (2) investigate or prosecute a violation of criminal law. TEX. GOV'T CODE ANN. § 554.002 (Vernon 2004).

In this appeal, UT Southwestern asserts Gentilello did not plead sufficient facts to invoke the trial court's subject matter jurisdiction. Therefore, we must first determine what the pertinent jurisdictional facts are in this case. A party suing a governmental entity must allege consent to suit either by reference to statute or express legislative permission. *Missouri Pac. R.R. v. Brownsville Nav. Dist.*, 453 S.W.2d 812, 814 (Tex.1970).

Gentilello pleaded consent to sue under the Whistleblower Act and sought relief under that Act. According to UT Southwestern, Gentilello was required to further plead not only the elements of the Whistleblower claim, but also underlying facts establishing those elements. The specific element it asserts Gentilello failed to properly support with factual allegations was that he had a good faith belief he reported to "an appropriate law enforcement authority." UT Southwestern's argument presumes the underlying facts supporting the elements of Gentilello's Whistleblower claim are themselves jurisdictional facts.

▪ The courts of appeals that have directly addressed this issue have held otherwise.[1] *See Tex. Dep't of Transportation v. Garcia*, 243 S.W.3d 759 (Tex.App.-Corpus Christie 2007, pet. filed); *Tex. Dep't of Human Servs. v. Okoli*, 01–07–00103–CV, 2007 WL 1844897, 263 S.W.3d 275 (Tex. App.-Houston [14th Dist.] June 28, 2007, pet. filed); *State v. Lueck*, 212 S.W.3d 630 (Tex.App.-Austin 2006, pet. granted). According to these cases, the only facts relevant to the jurisdictional inquiry in a Whistleblower case are: (1) the plaintiff's status as a public employee, and (2) whether the plaintiff adequately alleged a violation of the Whistleblower Act. *Garcia*, 243 S.W.3d at 763; *Okoli*, 2007 WL 1844897 *3, 263 S.W.3d at 278; *Lueck*, 212 S.W.3d at 636. The facts concerning the underlying elements of a Whistleblower suit, including whether a report was to an appropriate law enforcement authority, are not relevant to determine whether a claim was alleged. *See Okoli*, 2007 WL 1844897 *3, 263 S.W.3d at 278; *Lueck*, 212 S.W.3d at 638. This line of cases is consistent with the general rule that in determining its subject-matter jurisdiction, a trial court should not consider the merits of the case. *See Bell v. City of Grand Prairie*, 221 S.W.3d 317, 320 (Tex.App.-Dallas 2007, no pet.).

▪ UT Southwestern nevertheless relies upon cases decided under the tort claims act for the proposition that it is appropriate to consider the merits in a plea to the jurisdiction. *See Stephen F. Austin State University v. Flynn*, 228 S.W.3d 653, 660 (Tex.2007). However, cases decided under the tort claims act are clearly distinguishable because of the specific waiver of immunity from suit found in that act. Specifically, the tort claims act waives liability from suit "to the extent of liability created by [the Act]." TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon 2005). Thus, in a tort claims case, the waiver of suit is "coextensive" with the waiver of liability. *See Miranda*, 133 S.W.3d at 224. In other words, if a government entity is not liable, it is also immune from suit. In that situation, the underlying elements of the offense are themselves jurisdictional facts. *See Miranda*, 133 S.W.3d at 232. This coextensive waiver is part of a "unique statutory scheme" created by the tort claims act. *Id.* at 224.

▪ In contrast, the waiver of immunity from suit under the Whistleblower act is not tied to the merits of the claim.[2]

---

1. We recognize other courts have assumed the elements of a Whistleblower claim are a jurisdictional facts *See Bexar County v. Lopez*, 94 S.W.3d 711 (Tex.App.-San Antonio 2002, no pet.); *County of Bexar v. Steward*, 139 S.W.3d 354 (Tex.App.-San Antonio 2004, no pet.); *City of Waco v. Lopez*, 183 S.W.3d 825 (Tex.App.-Waco 2005), *rev'd on other grounds,*

259 S.W.3d 147 (Tex., 2008). However, they have done so with no discussion or analysis and are not instructive.

2. For example, in *Montgomery County v. Park*, the Supreme Court held the plaintiff did not, as a matter of law, suffer an adverse personnel action, and the defendant county thus did not violate the Whistleblower Act. *Montgom-*

Specifically, the plaintiff in a Whistleblower case need only *allege* a Whistleblower violation. TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004). In determining whether a claim has been alleged, the ordinary rules of pleading apply. In particular, there are no heightened pleading requirements for immunity cases. *See Harrison v. Tex. Dep't of Criminal Justice,* 915 S.W.2d 882, 887–88 (Tex.App.-Houston [1st Dist.] 1995, no writ); *King v. Tex. Dep't of Human Servs.,* 28 S.W.3d 27, 31–32 (Tex.App.-Austin 2000, no writ). Generally, a petition is sufficient to confer jurisdiction on the court to hear a matter if it gives fair notice of acts upon which the pleader bases his claims so that the opposing party may adequately prepare a defense. *See Garvey v. Vawter,* 795 S.W.2d 741, 742 (Tex.1990).

Here, Gentilello alleged he was a public employee, he had a good faith belief that Medicare and Medicaid violations were occurring at UT Southwestern, and he reported these violations to Rege, the person whom he believed in good faith had the authority to "investigate and correct" such practices. While the pleadings did not use the specific statutory language that Rege was an "appropriate law enforcement authority," UT Southwestern did not specially except to the petition. Liberally construing Gentilello's petition, as we must, we conclude he adequately alleged a Whistleblower violation sufficient to invoke the trial court's subject-matter jurisdiction.

 In reaching this conclusion, we reject UT Southwestern's assertion that the trial court should have granted its plea to the jurisdiction because it presented proof at a hearing on the motion that Rege was not an appropriate law enforcement authority. Because this element of Gentilello's cause of action is not a jurisdictional fact, it was not an appropriate evidentiary inquiry on the plea to the jurisdiction. Moreover, even if it were, we could not reverse on this basis. Our jurisdiction is limited to reviewing the grant or denial of the plea to the jurisdiction that was filed. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2007); *City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 686–87 (Tex.App.-Dallas 2003, pet. denied); *City of Dallas v. Heard,* 252 S.W.3d 98, 103 (Tex.App.-Dallas 2008, no pet.). We do not have jurisdiction to consider grounds outside those raised in the plea to the jurisdiction. *First Trade Union Sav. Bank,* 133 S.W.3d at 687; *Heard,* 252 S.W.3d at 103. UT Southwestern's plea to the jurisdiction did not purport to challenge the existence of any jurisdictional facts, but was directed solely to the allegations in Gentilello's petition. Thus, whether Gentilello presented sufficient proof of any alleged jurisdictional facts is not properly before us.

 Finally, even if we could conclude (1) Gentilello's good faith report to an appropriate law enforcement agency was a jurisdictional fact and (2) UT Southwestern challenged the existence of that fact, we would nevertheless conclude the trial court properly denied the plea to the jurisdiction. The question presented here is whether UT Southwestern showed conclusively that Gentilello did not make a good faith report to an appropriate law enforcement authority. UT Southwestern asserts that unless the employing agency is itself a law enforcement authority, reporting an allegation to an internal supervisor does

ery v. Park, 246 S.W.3d 610, 613 n. 2, 616 (Tex.2007). Although the defendant county was not, as matter of law, liable on the merits, the Court nevertheless concluded immunity from suit had been waived because a viola-

tion was alleged. *Id.* 246 S.W.3d at 613 n. 2, 616 (Tex.2007). Thus, in a Whistleblower case, immunity from suit and immunity from liability are not coextensive. *Cf. id.*

not constitute a report to an appropriate law enforcement authority as a matter of law. It relies on *Needham* to support this contention.

■ In *Needham,* the plaintiff, a Texas Department of Transportation (TxDOT) employee was on a business trip with other TxDOT employees. *Tex. Dep't of Trans. v. Needham,* 82 S.W.3d 314, 316 (Tex. 2002). During the trip, one of the plaintiff's coworkers drove while intoxicated. The plaintiff later reported the incident to his supervisor. TxDOT subsequently disciplined the plaintiff. The plaintiff sued TxDOT alleging a Whistleblower claim. He alleged TxDOT was an appropriate law enforcement authority because it had a general obligation to discipline its own employees. The Texas Supreme Court disagreed. It concluded that in determining whether an entity is an appropriate law enforcement authority, we look to whether the entity had the authority to regulate under or enforce the "the law alleged to be violated in the report." *Id.* at 320. Because TxDOT had no authority to either regulate under or enforce Texas's DWI laws or to investigate or prosecute such laws, it was not a law enforcement authority. *Id. Needham* thus requires the report be made to an entity that has authority to enforce or investigate violations of the specific law that was alleged to be violated. Because the plaintiff in *Needham* had no good faith belief that TxDOT had either enforcement or investigative authority with respect to Texas DWI laws, the plaintiff had no Whistleblower claim. *Id.* at 320–21.

The evidence presented in this case established UT Southwestern is subject to certain Medicare and Medicaid rules and regulations. To ensure UT Southwestern followed these rules and regulations, UT Southwestern implemented a billing compliance program, including designating a billing compliance officer, appointing a billing compliance advisory committee, and establishing a Billing Compliance Office. The plan required the committee, among other things, to undertake a process for faculty to report non-compliance and for such reports to be fully and independently reviewed. It also required the committee to formulate a corrective action plan to address any instances of non-compliance. The plan specifically stated that the Clinical Department Chair had the responsibility to ensure the goals of billing compliance were met. It is undisputed Rege was the Clinical Department Chair. He thus had the authority, responsibility and ability to ensure UT Southwestern complied with the applicable Medicare and Medicaid rules and regulations.

UT Southwestern nevertheless asserts Rege could not "enforce" Medicare or Medicaid rules and regulations because he could not impose fines or criminal liability under those rules and regulations. Nothing in the language of the Whistleblower Act is so limited. While Rege may not have had the power to assess a fine or other criminal sanction for a violation of the law, he had both the power and the duty to ensure that physicians under his authority at UT Southwestern complied with that very law. Under the facts of this case, we cannot conclude UT Southwestern established conclusively that Gentilello did not have a good faith belief that Rege was an appropriate law enforcement authority. We resolve the first and second issues against UT Southwestern.

In its third issue, UT Southwestern asserts the trial court should have dismissed the case "sua sponte" based on certain admissions Gentilello made to the trial court which showed that he did not have a good faith belief that Rege was an appropriate law enforcement authority. We only have jurisdiction to consider the trial

court's ruling on the plea to the jurisdiction filed below. *City of Dallas v. VSC, LLC*, 242 S.W.3d 584, 591 (Tex.App.-Dallas 2008, pet. filed); *First Trade Union Sav. Bank*, 133 S.W.3d at 687. Therefore, we cannot consider whether the trial court should have sua sponte dismissed the case. We resolve the third issue against UT Southwestern.

We affirm the trial court's order.