**GALVESTON INDEPENDENT SCHOOL DISTRICT,**
Appellant,

v.

**Brent JACO, Appellee.**

**No. 14–08–00271–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 2009.

William S. Helfand, Barbara E. Roberts, Houston, for appellant.

Syd Phillips, Houston, for appellee.

Panel consists of Chief Justice HEDGES and Justices GUZMAN and BROWN.

## OPINION

EVA M. GUZMAN, Justice.

In this accelerated interlocutory appeal, Galveston Independent School District ("the District") challenges the denial of its plea to the jurisdiction. The District claims sovereign immunity from a lawsuit in which Brent Jaco alleges that the District took adverse personnel action against him in violation of the Texas Whistleblower Act. Because the District failed to present arguments that, if true, would deprive the trial court of subject-matter jurisdiction, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brent Jaco was employed by the District as Director of Athletics and Extracurricular Activities. On or about November 9, 2005, Jaco learned that a student on the Ball High School football team was in violation of a University Interscholastic League ("UIL") rule regarding parent residency. Jaco discussed the possible UIL violation with school officials, and with the District's approval, he submitted a written report to the UIL on November 9, 2005 regarding the violation. As a result of the violation, Ball High School's football team was barred from participating in the playoffs.

On December 16, 2005, the District reassigned Jaco to the position of athletic trainer.[1] On January 6, 2006, Jaco appealed the transfer through the District's administrative grievance process. After a hearing, the District reinstated Jaco's job

1. There is a dispute between the parties as to whether this employment action constitutes a demotion.

position as Director of Extracurricular Activities, but not Director of Athletics. Thereafter, the District did not offer Jaco his previous position of Director of Athletics or Director of Extracurricular Activities for the 2006–07 school year. Instead, on May 1, 2006, the District offered Jaco a term contract as a teacher.

On April 4, 2006, Jaco filed suit against the District, alleging violations under the Texas Whistleblower's Act ("the Act"). *See* TEX. GOV'T CODE ANN. §§ 551.001–.010 (Vernon 2004). The District initially filed a no-evidence and traditional summary-judgment motion, which the trial court denied, and we dismissed the District's interlocutory appeal for want of jurisdiction. *Galveston Indep. Sch. Dist. v. Jaco*, No. 14–07–00313–CV, 2007 WL 5473075 (Tex. App.-Houston [14th Dist.] Nov. 15, 2007, no pet.) (mem.op.). The District then filed a plea to the jurisdiction in which it asserted that (a) the District's actions do not constitute an adverse employment act, (b) the UIL rule is not a law, and (c) the UIL is not an "an appropriate law enforcement authority" as that term is used in section 554.002(a) of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 554.002. The trial court denied the plea, and this interlocutory appeal ensued.

## II. ISSUES PRESENTED

In three issues, the District challenges the trial court's denial of its plea to the jurisdiction, arguing that (a) the pleadings and evidence show no waiver of immunity from suit, (b) Jaco admitted he did not report a violation of law to an appropriate law enforcement agency, and (c) Jaco ad-

mitted he never suffered a material adverse employment action.[2]

## III. STANDARD OF REVIEW

Because jurisdiction is a question of law, the trial court's ruling on a plea to the jurisdiction is subject to de novo review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the trial court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). To determine if the plaintiff has met that burden, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Id.* (quoting *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex.2001)); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993) (stating that the plaintiff has the burden to plead facts affirmatively showing that the trial court has subject-matter jurisdiction). We do not consider the merits of the plaintiff's case, but focus instead on the pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). We construe the pleadings liberally in favor of conferring jurisdiction. *Tex. Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002) (per curiam). Nevertheless, a waiver of immunity must be clear and unambiguous. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332–33 (Tex.2006). Thus, we determine whether the plaintiff has pleaded a claim for which a governmental unit has waived immunity by reading the pleadings broad-

---

**2.** Although the District argued for the first time in its reply brief that Jaco admits he failed to exhaust his administrative remedies, we do not have jurisdiction to consider grounds outside those raised in the plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(8) (Vernon 2008); *City of Dallas v. Heard*, 252 S.W.3d 98, 103 (Tex.App.-Dallas 2008, pet. denied).

ly and the alleged waiver narrowly. *City of Houston v. Clear Channel Outdoor, Inc.*, 233 S.W.3d 441, 445 (Tex.App.-Houston [14th Dist.] 2007, no pet.). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex.2004). If, on the other hand, the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *City of Carrollton v. Singer*, 232 S.W.3d 790, 795 (Tex.App.-Fort Worth 2007, pet. denied) (citing *Miranda*, 133 S.W.3d at 227).

## IV. ANALYSIS

■ In its first issue, the District argues that the trial court's denial of its plea is erroneous because the District's substantive arguments, addressed here in its second and third issues, are jurisdictional. The District contends in its second issue that the trial court erred in denying its plea to the jurisdiction because "Jaco admits he did not report a violation of law to an appropriate law enforcement agency, which is fatal to his assertion of a waiver of governmental immunity and, generally, his claim." This statement encompasses the District's three subsidiary arguments that (a) Jaco admits he did not make a "report," (b) the UIL's parental residency rule is not a "law," and (c) the UIL is not the appropriate agency to which a violation should be reported. The District argues in its third issue that no adverse employment action occurred because it merely changed Jaco's title and he accepted a contract as a teacher the following year. Before reaching the merits of these argu-

ments, we must first determine if they raise jurisdictional issues.

Although the District attempts to analogize a claim under the Whistleblower Act to a claim under the Texas Tort Claims Act ("the TTCA"), there are significant differences between the two. The TTCA creates a statutory scheme in which immunity to suit and immunity to liability are coextensive. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a) (Vernon 2005) ("Sovereign immunity to suit is waved and abolished to the extent of liability created by this chapter."); *Miranda*, 133 S.W.3d at 224. Consequently, the elements of a TTCA claim can be considered jurisdictional, because evidence that challenges an element of the claim necessarily challenges the trial court's subject-matter jurisdiction. A party therefore can demonstrate the trial court's lack of jurisdiction over a TTCA claim by establishing that the claim lacks merit. *Miranda*, 133 S.W.3d at 226–27; *Prairie View A & M Univ. v. Brooks*, 180 S.W.3d 694, 703 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

■ Under the Whistleblower Act, however, the waiver of immunity from suit is broader than the waiver of immunity from liability. *See Montgomery County, Tex. v. Park*, 246 S.W.3d 610, 613 n. 2 (Tex.2007). This cause of action is created by section 554.0035 of the Texas Government Code, entitled "Waiver of Immunity," which provides as follows:

> A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter.

TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004). As explained by our sister court in

*Texas Department of Human Services v. Okoli,* the first sentence of section 554.0035 waives immunity from suit, and the second sentence waives immunity from liability. 263 S.W.3d 275, 278 (Tex.App.-Houston [1st Dist.] 2007, pet. filed) (citing *Wichita Falls State Hosp. v. Taylor,* 106 S.W.3d 692, 696–97, nn. 5–6 (Tex.2003)). Moreover, we previously have construed this statute and concluded that a public employee successfully invokes the subject-matter jurisdiction of the trial court by alleging a violation and seeking relief allowed by the Whistleblower Act. *Univ. of Tex. Med. Branch at Galveston v. Barrett,* 112 S.W.3d 815, 817 (Tex.App.-Houston [14th Dist.] 2003) (en banc op. on reh'g), *aff'd on other grounds,* 159 S.W.3d 631 (2005) (per curiam). The public employer's waiver of immunity to such a suit is unconditional. *Id.* ("This is *all* the Whistleblower Act says about sovereign immunity; there are no other conditions.").

Here, Jaco adequately invoked the trial court's subject-matter jurisdiction and established waiver of immunity. His status as a public employee is undisputed, and in his Third Amended Original Petition, Jaco alleges the following:

> On or about November 9, 2005, Plaintiff became aware of an ineligible student playing on the Ball High School football team. Ball High School is part of the GISD. The student was in violation of a University Interscholastic League ("UIL") parent residency rule. Plaintiff reported this violation to the University Interscholastic League on November 9, 2005.... Plaintiff on December 16, 2005, was demoted ... [to] the position of Director of Extracurricular Activities, a much lesser position.... Plaintiff was subjected to demotion as a result of his good faith reporting of the violation of the law, ordinance, and rule [3] as it relates to high school athletes and their participation in extracurricular activities.... Plaintiff reported the violation to the [UIL.] He in good faith believed the UIL was authorized to regulate or enforce the laws violated in his report, and[/]or investigate the violation.

Finally, Jaco seeks damages for present and future lost wages, employment benefits, attorneys' fees, inconvenience, loss of enjoyment of life, emotional distress, and mental anguish. These types of damages constitute relief available under the Act to prevailing public employees. TEX. GOV'T CODE ANN. § 554.003.

In sum, Jaco is a public employee who alleged a violation of the Whistleblower Act and sued the employing governmental entity for the relief available under the Act. Following the reasoning we employed in *Barrett,* we conclude that Jaco established the District's waiver of immunity.

In reaching this conclusion, we draw additional guidance from *Montgomery County, Texas v. Park.* 246 S.W.3d at 613 n. 2. In *Park,* the defendant governmental unit moved for summary judgment on the grounds, *inter alia,* that (a) the asserted whistleblower claim was barred due to governmental immunity, and (b) "there was no evidence that Park reported a violation of law to an appropriate law enforcement official." *Id.* The court concluded, however, that "[b]ecause the Whistleblower Act contains a specific waiver of immunity, Park's claim is not barred." *Id.* (cit-

---

**3.** Although Jaco did not state in his pleadings that he believed, in good faith, that a UIL rule is a law or was adopted under a statute or ordinance, the District did not specially except to the pleading, which we construe lib-erally. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Gentilello,* 260 S.W.3d 221, 227 (Tex.App.-Dallas 2008, pet. filed); *Ruiz v. City of San Antonio,* 966 S.W.2d 128, 130–31 (Tex. App.-Austin 1998, no writ).

ing Tex. Gov't Code Ann. § 554.035).[4] Stated differently, the trial court had subject-matter jurisdiction *regardless* of the absence of evidence that the employee reported a violation of law to an appropriate law enforcement official. This result could be reached only if these elements of a whistleblower claim are not "jurisdictional issues." *Cf. Miranda*, 133 S.W.3d at 227 (explaining that courts must "consider relevant evidence submitted by the parties *when necessary to resolve the jurisdictional issues raised*") (emphasis added).

■ Although the Fourth,[5] Seventh,[6] and Tenth[7] Courts of Appeals have treated the elements of a whistleblower claim as jurisdictional,[8] these cases predate *Park* and were decided without discussion of whether the challenged elements concern jurisdiction or relate solely to liability. More recent opinions from the First,[9] Third,[10] Fifth,[11] and Thirteenth[12] Courts of Appeals suggest that the elements of a whistleblower cause of action are not jurisdictional. We agree with the latter opinions in concluding that, under the terms of the Act, waiver of immunity from suit is not dependent upon the merits of the claim. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Gentilello*, 260 S.W.3d 221, 226 (Tex.App.-Dallas 2008, pet. filed); *Tex. Bd.*

4. Notably, the court reached this conclusion even though it held that Park could not prevail on the merits because he did not suffer an adverse personnel action. *Id.*

5. *See County of Bexar v. Steward*, 139 S.W.3d 354, 358–62 (Tex.App.-San Antonio 2004, no pet.); *Bexar County v. Lopez*, 94 S.W.3d 711, 713–16 (Tex.App.-San Antonio 2002, no pet.).

6. *See Potter County v. Parton*, No. 07–03–0338–CV, 2005 WL 1355111, at *5 (Tex.App.-Amarillo June 8, 2005, no pet.) (per curiam, not designated for publication).

7. *See City of Waco v. Lopez*, 183 S.W.3d 825 (Tex.App.-Waco 2005), *rev'd*, 259 S.W.3d 147 (2008).

8. The Third and Thirteenth Courts of Appeals originally treated the elements of the claim as jurisdictional also, but upon later analysis, these courts changed course. *Compare Scott v. Godwin*, 147 S.W.3d 609, 620–23 (Tex.App.-Corpus Christi 2004, no pet.) and *Burnet County Sheriff's Dep't v. Carlisle*, No. 03–00–00398–CV, 2001 WL 23204, at *2–8 (Tex. App.-Austin Jan.11, 2001, no pet.) (mem.op.) *with Tex. Dep't of Transp. v. Garcia*, 243 S.W.3d 759, 760 (Tex.App.-Corpus Christi 2007, pet. filed), *State v. Lueck*, 212 S.W.3d 630, 636 (Tex.App.-Austin 2006, pet. granted), and *Tex. Bd. of Pardons & Paroles v. Feinblatt*, 82 S.W.3d 513, 520–21 (Tex.App.-Austin 2002, pet. denied).

9. *Okoli*, 263 S.W.3d at 279. *But cf. Univ. of Houston v. Barth*, 265 S.W.3d 607, 610 (Tex.

App.-Houston [1st Dist.] 2008, no pet. h.) (concluding that timely initiation of the grievance procedure is jurisdictional). In *Barth*, however, the First Court of Appeals held that the initiation of the grievance procedure is a statutory prerequisite to suit rather than an element of the cause of action. *Id.*

10. *Lueck*, 212 S.W.3d at 636–37 (holding that *Miranda* did not overrule *Wichita Falls State Hosp. v. Taylor*, and that, under the Whistleblower Act, the trial court has jurisdiction if the plaintiff is a public employee and alleged a claim under the Whistleblower Act; defendant's allegations that plaintiff did not make a good-faith report of a violation of law to an appropriate law enforcement authority did not challenge jurisdictional facts); *see also Hill v. Burnet County Sheriff's Dep't*, 96 S.W.3d 436, 440–41 (Tex.App.-Austin 2002, pet. denied) (holding that plaintiff invoked trial court's jurisdiction by alleging "(1) she is a public employee; (2) she acted in good faith in making her report; (3) the report involved a violation of law; (4) the report was made to an appropriate law enforcement authority; and (5) she suffered retaliation as a result of making the report").

11. *Gentilello*, 260 S.W.3d at 227.

12. *Garcia*, 243 S.W.3d at 760 (holding that the plea to the jurisdiction arguing that the plaintiff "did not plead and cannot show, as a matter of law, that he reported a violation of law to an appropriate law enforcement authority" failed to raise a jurisdictional issue).

of *Pardons & Paroles v. Feinblatt,* 82 S.W.3d 513, 520–21 (Tex.App.-Austin 2002, pet. denied) (good faith of report to appropriate agency affects the merits of the case but does not affect jurisdiction); *see also Park,* 246 S.W.3d at 613 n. 2 (holding that trial court had jurisdiction, although claim failed on the merits).

This is not to say that a jurisdictional challenge to a whistleblower claim invariably must be decided on the pleadings alone. As the Texas Supreme Court repeatedly has emphasized, "The court must also consider evidence tending to negate the existence of jurisdictional facts when necessary to resolve the jurisdictional issues raised." *City of Waco v. Lopez,* 259 S.W.3d 147, 150 (Tex.2008); *cf. Lueck,* 212 S.W.3d at 636 (stating that facts pertaining to the plaintiff's status as a public employee are relevant to the determination of whether immunity has been waived). Here, however, the District has failed to raise such a jurisdictional issue: the matters asserted in the District's plea to the jurisdiction and argued in the District's second and third issues are directed to the elements of a whistleblower claim rather than to jurisdictional facts. *See* TEX. GOV'T CODE ANN. § 554.002. We therefore overrule the District's first issue and do not reach its remaining issues.

## V. CONCLUSION

Because we conclude that the District has failed to raise a jurisdictional issue, we affirm the trial court's denial of its plea to the jurisdiction.