Affirmed and Opinion filed January 20, 2009








Affirmed and Opinion filed January 20, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00271-CV

_______________

 

GALVESTON INDEPENDENT SCHOOL DISTRICT, Appellant

 

V.

 

BRENT JACO, Appellee

                                                                                                                                               


On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 06CV1011

                                                                                                                                               


 

O P I N I O N

In this accelerated interlocutory
appeal, Galveston Independent School District (Athe District@) challenges the denial of its plea
to the jurisdiction.  The District claims sovereign immunity from a lawsuit in
which Brent Jaco alleges that the District took adverse personnel  action
against him in violation of the Texas Whistleblower Act.  Because the District
failed to present arguments that, if true, would deprive the trial court of
subject-matter jurisdiction, we affirm. 








I.  Factual
and Procedural Background

Brent Jaco was employed by the
District as Director of Athletics and Extracurricular Activities.  On or about
November 9, 2005, Jaco learned that a student on the Ball High School football
team was in violation of a University Interscholastic League (AUIL@) rule regarding parent residency. 
Jaco discussed the possible UIL violation with school officials, and with the
District=s approval, he submitted a written
report to the UIL on November 9, 2005 regarding the violation.  As a result of
the violation, Ball High School=s football team was barred from participating in the
playoffs.

On December 16, 2005, the District
reassigned Jaco to the position of athletic trainer.[1] 
On January 6, 2006, Jaco appealed the transfer through the District=s administrative grievance process. 
After a hearing, the District reinstated Jaco=s job position as Director of
Extracurricular Activities, but not Director of Athletics.  Thereafter, the
District did not offer Jaco his previous position of Director of Athletics or
Director of Extracurricular Activities for the 2006B07 school year.  Instead, on May 1,
2006, the District offered Jaco a term contract as a teacher.   








On April 4, 2006, Jaco filed suit
against the District, alleging violations under the Texas Whistleblower=s Act (Athe Act@).  See Tex. Gov=t Code Ann. '' 551.001B.010 (Vernon 2004).  The District
initially filed a no-evidence and traditional summary-judgment motion, which
the trial court denied, and we dismissed the District=s interlocutory appeal for want of
jurisdiction.  Galveston Indep. Sch. Dist. v. Jaco, No. 14-07-00313-CV,
2007 WL 5473075 (Tex. App.CHouston [14th Dist.] Nov. 15, 2007, no pet.) (mem. op.).  The
District then filed a plea to the jurisdiction in which it asserted that
(a) the District=s actions do not constitute an adverse employment act,
(b) the UIL rule is not a law, and (c) the UIL is not an Aan appropriate law enforcement
authority@ as that term is used in section 554.002(a) of the Texas Government
Code.  See Tex. Gov=t Code Ann. ' 554.002.  The trial court
denied the plea, and this interlocutory appeal ensued.

II.  Issues
Presented

In three issues, the District
challenges the trial court=s denial of its plea to the jurisdiction, arguing that
(a) the pleadings and evidence show no waiver of immunity from suit,
(b) Jaco admitted he did not report a violation of law to an appropriate
law enforcement agency, and (c) Jaco admitted he never suffered a material
adverse employment action.[2]

III. 
Standard of Review








Because jurisdiction is a question of
law, the trial court=s ruling on a plea to the jurisdiction is subject to de novo
review.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
In a suit against a governmental unit, the plaintiff must affirmatively
demonstrate the trial court=s jurisdiction by alleging a valid waiver of immunity. 
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).  To
determine if the plaintiff has met that burden, Awe consider the facts alleged by the
plaintiff and, to the extent it is relevant to the jurisdictional issue, the
evidence submitted by the parties.@  Id. (quoting Tex. Natural
Res. Conservation Comm=n v. White, 46 S.W.3d 864, 868 (Tex. 2001)); Tex.
Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)
(stating that the plaintiff has the burden to plead facts affirmatively showing
that the trial court has subject-matter jurisdiction).  We do not consider the
merits of the plaintiff=s case, but focus instead on the pleadings and the evidence
pertinent to the jurisdictional inquiry.  County of Cameron v. Brown, 80
S.W.3d 549, 555 (Tex. 2002).  We construe the pleadings liberally in favor of
conferring jurisdiction.  Tex. Dep=t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002) (per
curiam).  Nevertheless, a waiver of immunity must be clear and unambiguous.  Tooke
v. City of Mexia, 197 S.W.3d 325, 332B33 (Tex. 2006).  Thus, we determine
whether the plaintiff has pleaded a claim for which a governmental unit has
waived immunity by reading the pleadings broadly and the alleged waiver
narrowly.  City of Houston  v. Clear Channel Outdoor, Inc., 233 S.W.3d
441, 445 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  If the pleadings do not
contain sufficient facts to affirmatively demonstrate the trial court=s jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency, and the plaintiff should be afforded the opportunity
to amend.  Tex. Dep=t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226B27 (Tex. 2004).  If, on the other
hand, the pleadings affirmatively negate the existence of jurisdiction, then a
plea to the jurisdiction may be granted without allowing the plaintiff an
opportunity to amend.  City of Carrollton v. Singer, 232 S.W.3d 790, 795
(Tex. App.CFort Worth 2007, pet. denied) (citing Miranda, 133 S.W.3d at 227).

IV. 
Analysis

In its first issue, the District
argues that the trial court=s denial of its plea is erroneous because the District=s substantive arguments, addressed
here in its second and third issues, are jurisdictional.  The District contends
in its second issue that the trial court erred in denying its plea to the
jurisdiction because AJaco admits he did not report a violation of law to an
appropriate law enforcement agency, which is fatal to his assertion of a waiver
of governmental immunity and, generally, his claim.@  This statement encompasses the
District=s three subsidiary arguments that
(a) Jaco admits he did not make a Areport,@ (b) the UIL=s parental residency rule is not a Alaw,@ and (c) the UIL is not the
appropriate agency to which a violation should reported.  The District argues
in its third issue that no adverse employment action occurred because it merely
changed Jaco=s title and he accepted a contract as a teacher the following year. 
Before reaching the merits of these arguments, we must first determine if they
raise jurisdictional issues.  








Although the District attempts to
analogize a claim under the Whistleblower Act to a claim under the Texas Tort
Claims Act (Athe TTCA@), there are significant differences between the two.  The TTCA creates a
statutory scheme in which immunity to suit and immunity to liability are
coextensive.  Tex. Civ. Prac. & Rem.
Code Ann. ' 101.025(a) (Vernon 2005) (ASovereign immunity to suit is waved
and abolished to the extent of liability created by this chapter.@); Miranda, 133 S.W.3d at
224.  Consequently, the elements of a TTCA claim can be considered
jurisdictional, because evidence that challenges an element of the claim
necessarily challenges the trial court=s subject-matter jurisdiction.  A
party therefore can demonstrate the trial court=s lack of jurisdiction over a TTCA
claim by establishing that the claim lacks merit.  Miranda, 133 S.W.3d
at 226B27; Prairie View A&M Univ. v.
Brooks, 180 S.W.3d 694, 703 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 

Under the Whistleblower Act, however,
the waiver of immunity from suit is broader than the waiver of immunity from
liability.  See Montgomery County, Tex. v. Park, 246 S.W.3d 610, 613 n.2
(Tex. 2007).  This cause of action is created by section 554.0035 of the Texas
Government Code, entitled AWaiver of Immunity,@ which  provides as follows:

A public employee who alleges a
violation of this chapter may sue the employing state or local governmental
entity for the relief provided by this chapter.  Sovereign immunity is waived
and abolished to the extent of liability for the relief allowed under this
chapter for a violation of this chapter.

Tex. Gov=t Code Ann. ' 554.0035 (Vernon 2004).  As explained by our sister court in
Texas Department of Human Services v. Okoli, the first sentence of
section 554.0035 waives immunity from suit, and the second sentence waives
immunity from liability.  263 S.W.3d 275, 278 (Tex. App.CHouston [1st Dist.] 2007, pet. filed)
(citing Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696B97, nn.5B6 (Tex. 2003)).  Moreover, we
previously have construed this statute and concluded that a public employee
successfully invokes the subject-matter jurisdiction of the trial court by
alleging a violation and seeking relief allowed by the Whistleblower Act.  Univ.
of Tex. Med. Branch at Galveston v. Barrett, 112 S.W.3d 815, 817 (Tex. App.CHouston [14th Dist.] 2003) (en banc
op. on reh=g), aff=d on other grounds, 159 S.W.3d 631 (2005) (per curiam).  The public
employer=s waiver of immunity to such a suit
is unconditional.  Id. (AThis is all the Whistleblower Act says about sovereign
immunity; there are no other conditions.@).








Here, Jaco adequately invoked the
trial court=s subject-matter jurisdiction and established waiver of immunity.  His
status as a public employee is undisputed, and in his Third Amended Original
Petition, Jaco alleges the following:

On or about November 9, 2005,
Plaintiff became aware of an ineligible student playing on the Ball High School
football team.  Ball High School is part of the GISD.  The student was in
violation of a University Interscholastic League (AUIL@) parent residency rule.  Plaintiff
reported this violation to the University Interscholastic League on November 9,
2005. . . . Plaintiff on December 16, 2005, was
demoted . . . [to] the position of Director of
Extracurricular Activities, a much lesser
position. . . . Plaintiff was subjected to demotion as a
result of his good faith reporting of the violation of the law, ordinance, and
rule[[3]] as it
relates to high school athletes and their participation in extracurricular
activities. . . . Plaintiff reported the violation to the
[UIL.]  He in good faith believed the UIL was authorized to regulate or enforce
the laws violated in his report, and[/]or investigate the violation.

Finally, Jaco seeks damages for
present and future lost wages, employment benefits, attorneys= fees, inconvenience, loss of
enjoyment of life, emotional distress, and mental anguish.  These types of
damages constitute relief available under the Act to prevailing public
employees.   Tex. Gov=t Code Ann. ' 554.003.  

In sum, Jaco is a public employee who
alleges a violation of the Whistleblower Act and sues the employing
governmental entity for the relief available under the Act.  Following the
reasoning we employed in Barrett, we conclude that Jaco established the
District=s waiver of immunity.








In reaching this conclusion, we draw
additional guidance from Montgomery County, Texas v. Park.  246 S.W.3d
at 613 n.2.  In Park, the defendant governmental unit moved for summary
judgment on the grounds, inter alia, that (a) the asserted
whistleblower claim was barred due to governmental immunity, and (b) Athere was no evidence that Park
reported a violation of law to an appropriate law enforcement official.@  Id.  The court concluded,
however, that A[b]ecause the Whistleblower Act contains a specific waiver of immunity,
Park=s claim is not barred.@  Id. (citing Tex. Gov=t Code Ann. ' 554.035).[4]  Stated
differently, the trial court had subject-matter jurisdiction regardless
of the absence of evidence that the employee reported a violation of law to an
appropriate law enforcement official.  This result could be reached only if
these elements of a whistleblower claim are not Ajurisdictional issues.@  Cf. Miranda, 133 S.W.3d at
227 (explaining that courts must Aconsider relevant evidence submitted
by the parties when necessary to resolve the jurisdictional issues raised@) (emphasis added). 








 Although the Fourth,[5]
Seventh,[6] and Tenth[7]
Courts of Appeals have treated the elements of a whistleblower claim as
jurisdictional,[8] these cases
predate Park and were decided without discussion of whether the
challenged elements concern jurisdiction or relate solely to liability.  More
recent opinions from the First,[9] Third,[10]
Fifth,[11] and
Thirteenth[12] Courts of
Appeals suggest that the elements of a whistleblower cause of action are not
jurisdictional.  We agree with the latter opinions in concluding that, under
the terms of the Act, waiver of immunity from suit is not dependent upon the
merits of the claim.  See Univ. of Tex. Sw. Med. Ctr. at Dallas v.
Gentilello, 260 S.W.3d 221, 226 (Tex. App.CDallas 2008, pet. filed); Tex. Bd.
of Pardons & Paroles v. Feinblatt, 82 S.W.3d 513, 520B21 (Tex. App.CAustin 2002, pet. denied) (good faith
of report to appropriate agency affects the merits of the case but does not
affect jurisdiction); see also Park, 246 S.W.3d at 613 n.2
(holding that trial court had jurisdiction, although claim failed on the
merits). 








This is not to say that a
jurisdictional challenge to a whistleblower claim invariably must be decided on
the pleadings alone.  As the Texas Supreme Court repeatedly has emphasized, AThe court must also consider evidence
tending to negate the existence of jurisdictional facts when necessary to
resolve the jurisdictional issues raised.@  City of Waco v. Lopez, 259 S.W.3d
147, 150 (Tex. 2008); cf. Lueck, 212 S.W.3d at 636 (stating that facts
pertaining to the plaintiff=s status as a public employee are relevant to the
determination of whether immunity has been waived).  Here, however, the
District has failed to raise such a jurisdictional issue: the matters asserted
in the District=s plea to the jurisdiction and argued in the District=s second and third issues are
directed to the elements of a whistleblower claim rather than to jurisdictional
facts.  See Tex. Gov=t Code Ann. ' 554.002.  We therefore overrule the District=s first issue and do not reach its
remaining issues.

V. 
Conclusion

Because we conclude that the District
has failed to raise a jurisdictional issue, we affirm the trial court=s denial of its plea to the
jurisdiction.

 

 

 

/s/        Eva M. Guzman

Justice

 

Panel consists of Chief Justice
Hedges and Justices Guzman and Brown. 









[1]  There is a dispute between the parties as to whether
this employment action constitutes a demotion.





[2]  Although the District argued for the first time in
its reply brief that Jaco admits he failed to exhaust his administrative
remedies, we do not have jurisdiction to consider grounds outside those raised
in the plea to the jurisdiction.  See Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(8) (Vernon 2008); City of Dallas v. Heard, 252 S.W.3d 98, 103
(Tex. App.CDallas 2008, pet. denied).





[3]  Although Jaco did not state in his pleadings that he
believed, in good faith, that a UIL rule is a law or was adopted under a
statute or ordinance, the District did not specially except to the pleading,
which we construe liberally.  See Univ. of Tex. Sw. Med. Ctr. at
Dallas v. Gentilello, 260 S.W.3d 221, 227 (Tex. App.CDallas 2008, pet. filed); Ruiz v. City of San
Antonio, 966 S.W.2d 128, 130B31
(Tex. App.CAustin 1998, no writ).





[4]  Notably, the court reached this conclusion even
though it held that Park could not prevail on the merits because he did not
suffer an adverse personnel action.  Id.





[5]  See County of Bexar v. Steward, 139 S.W.3d
354, 358B62 (Tex. App.CSan
Antonio 2004, no pet.); Bexar County v. Lopez, 94 S.W.3d 711, 713B16 (Tex. App.CSan
Antonio 2002, no pet.).





[6]  See Potter County v. Parton, No.
07-03-0338-CV, 2005 WL 1355111, at *5 (Tex. App.CAmarillo June 8, 2005, no pet.) (per curiam, not designated for
publication).





[7]  See City of Waco v. Lopez, 183 S.W.3d 825
(Tex. App.CWaco 2005), rev=d, 259
S.W.3d 147 (2008).





[8]  The Third and Thirteenth Courts of Appeals
originally treated the elements of the claim as jurisdictional also, but upon
later analysis, these courts changed course.  Compare Scott v. Godwin,
147 S.W.3d 609, 620B23 (Tex. App.CCorpus
Christi 2004, no pet.) and Burnet County Sheriff=s Dep=t v. Carlisle, No. 03‑00‑00398‑CV,
2001 WL 23204, at *2B8 (Tex. App.CAustin 
Jan.11, 2001, no pet.) (mem. op.) with Tex. Dep=t of Transp. v. Garcia, 243 S.W.3d 759, 760 (Tex. App.CCorpus Christi 2007, pet. filed), State v. Lueck, 
212 S.W.3d 630, 636 (Tex. App.CAustin 2006,
pet. granted), and Tex. Bd. of Pardons & Paroles v. Feinblatt, 82
S.W.3d 513, 520B21 (Tex. App.CAustin
2002, pet. denied).





[9]  Okoli, 263 S.W.3d at 279.  But cf. Univ.
of Houston v. Barth, 265 S.W.3d 607, 610 (Tex. App.CHouston [1st Dist.] 2008, no pet. h.) (concluding that
timely initiation of the grievance procedure is jurisdictional).  In Barth,
however, the First Court of Appeals held that the initiation of the grievance
procedure is a statutory prerequisite to suit rather than an element of the
cause of action.  Id.





[10]  Lueck, 212 S.W.3d at 636B37 (holding that Miranda did not overrule Wichita
Falls State Hosp. v. Taylor, and that, under the Whistleblower Act, the
trial court has jurisdiction if the plaintiff is a public employee and alleged
a claim under the Whistleblower Act; defendant=s allegations that plaintiff did not make a good-faith report of a
violation of law to an appropriate law enforcement authority did not challenge
jurisdictional facts).  See also Hill v. Burnet County Sheriff=s Dep=t, 96 S.W.3d 436, 440B41 (Tex. App.CAustin
2002, pet. denied) (holding that plaintiff invoked trial court=s jurisdiction by alleging A(1) she is a public employee; (2) she acted in good
faith in making her report; (3) the report involved a violation of law;
(4) the report was made to an appropriate law enforcement authority; and (5)
she suffered retaliation as a result of making the report@).





[11]   Gentilello, 260 S.W.3d at 227. 





[12]  Garcia, 243 S.W.3d at 760 (holding that the
plea to the jurisdiction arguing that the plaintiff Adid not plead and cannot show, as a matter of law,
that he reported a violation of law to an appropriate law enforcement authority@ failed to raise a jurisdictional issue).